## MINKOW et al. v. UNITED STATES.

(Circuit Court of Appeals, Fourth Circuit. April 25, 1925.)

No. 2339.

1. **Criminal law** ⊚⇒376—**Exclusion of testimony relating to accused's reputation for veracity in business dealings after finding of indictment was not error.**

Where accused did not testify in his own behalf, exclusion of testimony relating to accused's reputation for veracity and honesty in business dealings after finding of indictment was not error under general rule that only accused's character prior to committing offense can be inquired into.

2. **Witnesses** ⊚⇒355—**Testimony of private detective employed by accused as to reputation of government's witness held properly excluded.**

Testimony of private detective employed by accused as to what he had learned as to reputation of government's witness *held* properly excluded.

3. **Criminal law** ⊚⇒865(2)—**Court's refusal to discharge jury after four hours' deliberation held not error.**

Court's refusal to discharge jury after four hours' deliberation and two reports of inability

to agree, and the giving of instructions as to their duty to agree if they conscientiously could do so, *held* not error.

In Error to the District Court of the United States for the Eastern District of South Carolina, at Charleston; Ernest F. Cochran, Judge.

David Minkow and another were convicted of conspiring to conceal goods, wares, and merchandise belonging to the named defendant from his trustee in bankruptcy, and they bring error. Affirmed.

Before WOODS, WADDILL, and ROSE, Circuit Judges.

Edgar A. Brown, of Barnwell, S. C. (Brown & Bush, of Barnwell, S. C., on the brief), for plaintiffs in error.

Louis M. Shimel, Asst. U. S. Atty., of Charleston, S. C. (J. D. E. Meyer, U. S. Atty., of Charlestown, S. C., on the brief), for the United States.

ROSE, Circuit Judge. The plaintiffs in error, David Minkow and Sol Ruben, were defendants below and will be so styled here. They, together with six other persons, were indicted for conspiring among themselves and with others, to the grand jury unknown, to conceal goods, wares, and merchandise belonging to the defendant Minkow, from his trustee in bankruptcy. Four of the eight persons put upon their trial were acquitted by the jury, and four, including the two plaintiffs in error, were convicted. The learned judge below granted a new trial to one of those convicted and fined another. The two who are prosecuting this writ of error received prison sentences.

[1] There were six assignments of error, but two of these have been abandoned. Two of those still relied upon are directed to the refusal of the court to permit witnesses to testify to what they had learned, after the finding of the indictment, as to the reputation of the defendants for truth, veracity, and honesty in business dealings. The learned counsel for the defendant admits that the general rule is "that where a defendant is on trial, it is his character prior to the commission of the offense which may be inquired into and not the character he may have acquired after the commission of the alleged offense or what was said about his character after that time." He claims, however, upon the authority of such cases as Fossett v. State, 41 Tex. Cr. R. 400, 55 S. W. 497, Fisher v. Conway, 21 Kan. 19, 30 Am. Rep. 419, and Rogers v. Lewis, 19 Ind. 405, that there is an exception when the defendant becomes a witness in his own behalf. Under such circumstances, it is said that evidence as to his reputation for truth and veracity at any time down to the date of his testifying will be admissible. We have no occasion to consider whether such exception does or does not exist, for in this case neither of the defendants took the stand.

[2] Another assignment concerns itself with the refusal of the court to permit a Pinkerton detective, aiding the defendants in the preparation of their case, to give the results of an inquiry he had made as to the reputation of a government witness. The ruling below was in strict accord with the law as it has been settled for more than a century. Mawson v. Hartsink, 4 Esp. 102; Douglass v. Toucey, 2 Wend. (N. Y.) 354, 20 Am. Dec. 616; Young v. Corrigan (D. C.) 208 F. 431; Wigmore on Evidence, § 692.

[3] The remaining complaint is that the court refused to discharge the jury when, after they had been out in all four hours, they had twice reported their inability to agree. The counsel for the defendants had previously said they had no objection to a sealed verdict. When the jury for the second time told the court that they could not agree, the learned judge in unexceptional language impressed upon them their duty to endeavor to reach a verdict if that could be done, without any one of them surrendering a conscientious conviction. He told them that if they agreed, they might sign and seal their verdict and then separate for the night, reporting in court the next morning formally to return it. Almost immediately after they got back to their room, they sent word to him asking him to wait a few minutes, and within that time they came into court and rendered their verdict and were discharged. There is certainly nothing in all of this of which any complaint may be made.

Affirmed.