**UNITED STATES of America,
Appellee,**

v.

**Delbert NULL, Appellant.**

**No. 12756.**

United States Court of Appeals
Fourth Circuit.

Argued June 12, 1969.

Decided Sept. 23, 1969.

H. Russell Smouse, Towson, Md., and Leon H. A. Pierson, Baltimore, Md., for appellant.

Alan B. Lipson, Asst. U. S. Atty. (Stephen H. Sachs, U. S. Atty., and Clarence E. Goetz, Asst. U. S. Atty., on brief), for appellee.

Before SOBELOFF, WINTER and CRAVEN, Circuit Judges.

WINTER, Circuit Judge:

Delbert Null was tried before a jury and convicted on both counts of a two-count indictment charging that he had violated 26 U.S.C.A. § 7206(1) by wilfully subscribing to individual income tax returns for the years 1960 and 1961, which he knew to contain material misstatements of fact.[1] We affirm.

I

Defendant asserts several errors in his trial. First, he claims that the district judge improperly permitted the prosecutor to cross-examine two of defendant's character witnesses. On direct examination, these witnesses were asked if they knew what defendant's "reputation in the community of Frederick for truth, veracity and honesty is." Thereafter, upon

---

1. 26 U.S.C.A. § 7206 provides as follows:
   "*Sec. 7206. Fraud and False Statements*
   "Any person who—
   "(1) *Declaration under Penalties of Perjury.*—Willfully makes and subscribes any return, statement, or other document, which contains or is verified by a written declaration that it is made under the penalties of perjury, and which he does not believe to be true and correct as to every material matter
   * * *
   "shall be guilty of a felony and, upon conviction thereof, shall be fined not more than $5,000, or imprisoned not more than 3 years, or both, together with the costs of prosecution."

Defendant was given concurrent sentences of 10 months' imprisonment and was fined a total of $5,000.

cross-examination, the government was permitted to inquire, over defense objections, whether public knowledge of the charges involved in the instant case had adversely affected defendant's otherwise sterling reputation. One of the witnesses testified that the effect had been detrimental, while the other suggested that there had been little or no effect because the details of the charges were not generally known in the community. Defendant argues that this cross-examination was improper on the theory that the only character evidence admissible was that which related to defendant's reputation at the time the crime was alleged to have been committed or to his reputation shortly prior thereto—in short, that evidence of reputation at any time subsequent to the alleged offense is not admissible.

■ We recognize that ordinarily "[i]t is character [of the accused] at the time of the alleged crime that bears most nearly on the inference of innocence or guilt, and the reputation evidence must be confined to reputation at that time or a reasonable time before." McCormick, Evidence (1954 Ed.) § 158, p. 335. See also V Wigmore, Evidence (3d Ed. 1940) § 1617. Remoteness in either direction is solely a matter of relevancy, Wigmore, supra, §§ 60, 191, 929, 1617, 1618, a question which is properly left largely to the discretion of the district judge. The reason why evidence of reputation of a defendant as of a time subsequent to the time of the act in issue is usually objectionable is, not because it is not relevant, but because of the likelihood that a false reputation has been created as a result of public discussion and partisan feeling about the very act charged or as a result of inter-

ested utterances of persons concerned with the prosecution. In short, the objectionable feature is the lack of safeguards of trustworthiness. V Wigmore, supra, § 1618.

■■ When we consider the rule and its supporting rationale, we conclude that it should not be given a procrustean application in the instant case because of two factors which distinguish this from the usual case. It should be noted that, without objection by the prosecutor, defendant's character witnesses were permitted to state what defendant's "reputation in the community of Frederick for truth, veracity and honesty *is*" (emphasis supplied), not what it *was* several years previously when the alleged crimes were committed. Thus, defendant was permitted to offer proof of present reputation from which it follows that the cross-examination was relevant. V Wigmore, *supra*, § 1618 pp. 492–3. Moreover, defendant testified in his own behalf. His reputation evidence, therefore, had the effect, at least in part, of bolstering his credibility as a witness. While again, when a witness is a party, ordinarily, reputation evidence to bolster his credibility should be confined to reputation at the time of the alleged commission of the crime, the evidence of present reputation was not objected to. With defendant's credibility as a witness in issue, his reputation *at the time of trial* was crucial and, therefore, relevant. McCormick, *supra*, § 44, p. 96, n. 9; Wigmore, *supra*, § 988, § 1618, p. 123 (1964 Supp.); State v. Carson, 239 S.W.2d 532 (Mo.App.1951). Cf., Michelson v. United States, 335 U.S. 469, 480, 484, 69 S.Ct. 213, 93 L.Ed. 168 (1948). We are of the view, therefore, that no reversible error was committed.[2]

2. What we hold here is not inconsistent with Minkow v. United States, 5 F.2d 319 (4 Cir. 1925), where the trial court was sustained in its refusal "to permit witnesses to testify to what they had learned, after the finding of the indictment, as to the reputation of the defendants for truth, veracity, and honesty in business dealings." The court stated the general rule to be that only character

or reputation prior to the commission of the alleged offense may be inquired into, but expressly left open the question of the application of a different rule when the defendant becomes a witness in his own behalf:

"Under such circumstances, it is said that evidence as to his reputation for truth and veracity at any time down to

## II

■■ Defendant also urges that the district court erred in denying his motions for a judgment of acquittal. The essence of the government's case was that the following items were improperly omitted from defendant's joint income tax return for the year 1960:

1. $3,790.73, representing a bill paid by Frederick County, of which defendant was a county commissioner, to Norman S. Earley and Son, Inc., for construction work done for the defendant on his private property;

2. $573.08, representing bills paid by Frederick County for appliances purchased by and delivered to the defendant;

3. $674.40, representing payments to the defendant by Frederick County for traveling and other expenses in connection with his duties as a member of the County Roads Board;

4. $260.00, representing payments to the defendant by Frederick County of county assessor's fees.

For the taxable year 1961, defendant's return omitted items in the same or similar categories in the amounts of $1,453.12, $489.25, $674.40, and $370.00, respectively. Defendant conceded that the various omissions occurred, and, in view of the government's extensive documentary evidence, any other position would have been difficult to sustain. Defendant urges, however, that he did not knowingly omit any of the foregoing items from his returns, and that there was no direct evidence of unlawful intent. Of course, the requisite statutory intent may be demonstrated circumstantially. See, United States v. Barnes, 313 F.2d 325, 327 (6 Cir. 1963). Under all of the circumstances of this case, which we find unnecessary to recite, we believe that the question of the defendant's subjective state of mind was properly left to the jury for resolution.

the date of his testifying will be admissible. We have no occasion to consider whether such exception does or does not

## III

■■ Defendant also urges that the amounts received as assessor's fees and roads board payments aggregating $934.40 in 1960 and $1,044.40 in 1961 were *de minimis* and that the jury should have been permitted to resolve this question. The trial judge instructed the jury that, in order to convict, for each year, they had to find, *inter alia,* that one of the four items was omitted from the return *and that it was a material item.* Defendant's authorities, which involve primarily prosecutions for income tax evasion under other statutory provisions, are inapposite. Under § 7206(1) the test of materiality is whether a particular item must be reported "in order that the taxpayer estimate and compute his tax correctly." United States v. Rayor, 204 F.Supp. 486, 491 (S.D.Cal. 1962). See, United States v. Baker, 262 F.Supp. 657, 682 (D.D.C.1966). *This* issue was properly submitted to the jury.

## IV

■ Finally, defendant contends that the trial court erred in rejecting proffered evidence that in 1962 a bill for work done on defendant's private property was originally sent to Frederick County and that the error was subsequently corrected by defendant. The contention that evidence of innocence on one occasion has probative value in establishing lack of guilt in an entirely different connection has been rejected in the usual case, by the courts. See, United States v. Stoehr, 196 F.2d 276, 282, 33 A.L.R.2d 836 (3 Cir. 1952); Herzog v. United States, 226 F.2d 561, 565 (9 Cir. 1955). See also, United States v. Shapiro, 159 F.2d 890, 891 (2 Cir. 1947), aff'd., 335 U.S. 1, 68 S.Ct. 1375, 92 L.Ed. 1787 (1948). Particularly in the instant case, where the error corrected by defendant was so obvious that he had no alternative

exist, for in this case neither of the defendants took the stand." 5 F.2d at 320.

but to rectify the matter, we think that the district judge did not abuse his discretion in rejecting the proffered evidence.

The judgment of the district court is Affirmed.