**UNITED STATES of America,
Plaintiff–Appellee,**

v.

**Samuel E. ROGERS,
Defendant–Appellant.**

**No. 87–5678.**

United States Court of Appeals,
Fourth Circuit.

Argued June 10, 1988.

Decided Aug. 2, 1988.

Patricia Ruth Moss, Deputy Federal Public Defender (William E. Martin, Federal Public Defender, Raleigh, N.C., on brief), for defendant-appellant.

Alan Hechtkopf (William S. Rose, Jr., Asst. Atty. Gen., Gary R. Allen, Robert E. Lindsay, Tax Div., Dept. of Justice, Washington, D.C., Margaret P. Currin, U.S. Atty., Raleigh, N.C., on brief), for plaintiff-appellee.

Before WIDENER, SPROUSE, and ERVIN, Circuit Judges.

ERVIN, Circuit Judge:

Samuel Rogers was convicted on twenty-four counts of preparing false tax returns in violation of 26 U.S.C. § 7206(2).[1] He raises numerous issues on appeal. We affirm.

## I.

Rogers was in the business of preparing income tax returns. These charges arose from ten 1979 returns and fourteen 1980 returns. Fifteen witnesses testified that Rogers prepared false tax returns for them. Several testified that they hired Rogers because they heard he could get them larger refunds and that his fee was based on the size of the refund. All of them testified that he included false information that they did not furnish him. Three testified in Rogers' absence because he was fifty minutes late on the second day of trial.

The twenty-four returns were false in one or more usually recurring aspects. These included excess exemptions, nonexistent political contributions, false child care credits, improper residential energy credits, fictitious uniform deductions, and other similar credits and deductions. While two witnesses admitted that they knew of the falsities at the time, the rest were in the dark because Rogers did not go over the returns with them. Rogers testified that he used only the information that his clients provided.

To impeach his testimony, the government introduced a large number of worthless check convictions. The prosecutor also made a number of inflammatory remarks during closing argument, calling Rogers a liar, thief and crook who could not be believed. In a moment of cinematic excess, he told the jury that Rogers was "a disease on society [a]nd you are the cure." De-

---

**1.** In relevant part, 26 U.S.C. § 7206 provides:
Any person who—
(2) Aid or assistance.—Willfully aids or assists in or procures, counsels, or advises the preparation or presentation under, or in connection with any matter arising under, the internal revenue laws, of a return, affidavit, claim, or other document, which is fraudulent or is false as to any material matter, whether or not such falsity or fraud is with the knowledge or consent of the person authorized or required to present such return, affidavit, claim, or document;
shall be guilty of a felony....

fense counsel did not object to these remarks.

The jury convicted him on all twenty-four counts. He raises four errors on appeal. First, he argues that materiality of the false information is an essential element of a § 7206(2) violation that should be decided by the jury. Second, he argues that Fed.R. Crim.P. 43(b) was violated when witnesses testified in his absence. Third, he argues that the district court improperly allowed cross-examination regarding his worthless check convictions. Finally, he argues that the prosecutor's closing argument was improper. Finding no reversible error, we affirm.

## II.

In crimes involving false statements, the materiality of the statement is usually decided as a matter of law by the court. *See e.g., United States v. Farnham,* 791 F.2d 331, 333 (4th Cir.1986) (perjury); *Nilson Van & Storage Co. v. Marsh,* 755 F.2d 362, 367 (4th Cir.), *cert. denied,* 474 U.S. 818, 106 S.Ct. 65, 88 L.Ed.2d 53 (1985) (false statements to a government agency). The same is true for § 7206.[2] *See United States v. Flake,* 746 F.2d 535, 537–38 (9th Cir.1984), *cert. denied,* 469 U.S. 1225, 105 S.Ct. 1220, 84 L.Ed.2d 360 (1985) (§ 7206(1)); *United States v. Holecek,* 739 F.2d 331, 336–37 (8th Cir.1984), *cert. denied,* 469 U.S. 1218, 105 S.Ct. 1200, 84 L.Ed.2d 343 (1985) (§ 7206(2)); *United States v. Greenberg,* 735 F.2d 29, 31 (2d Cir.1984) (§ 7206(1)); *United States v. Whyte,* 699 F.2d 375, 379 (7th Cir.1983) (§ 7206(1)); *United States v. Gaines,* 690 F.2d 849, 858 (11th Cir.1982) (§ 7206(1)); *United States v. Strand,* 617 F.2d 571, 573–75 (10th Cir.), *cert. denied,* 449 U.S. 841, 101 S.Ct. 120, 66 L.Ed.2d 48 (1980) (§ 7206(1)); *United States v. Taylor,* 574 F.2d 232, 235 (5th Cir.), *cert. denied,* 439 U.S. 893, 99 S.Ct. 251, 58 L.Ed.2d 239 (1978) (§ 7206(1)); *United States v. Romanow,* 509 F.2d 26, 28–29 (1st Cir.1975) (§ 7206(1)); *but see United States v. Null,* 415 F.2d 1178, 1181 (4th Cir.1969) (§ 7206(1)).

■ We agree that materiality under § 7206(2) is a matter of law for the court to decide, not an issue of fact for the jury. *Null* represents a narrow exception to the general rule that materiality is an issue of law. In *Null,* this court affirmed a conviction under § 7206(1) where the trial court had submitted the materiality issue to the jury. No one objected to that aspect of the case; instead, the defendant argued that the court should have further instructed the jury on a de minimis violation defense. This court affirmed the submission of the more limited materiality instruction as proper under § 7206(1). Placed in its proper context, the *Null* holding does not control our decision as to materiality under § 7206(2), and we hold today that materiality is a matter of law for the court to decide.

## III.

On the second day of trial, Rogers arrived about fifty minutes late, and three witnesses testified in his absence. Before testimony began, the court asked defense counsel where he was, but counsel did not know, and the court proceeded without further inquiry. To limit the effects of his absence, the court made transcripts of the testimony available the next day and allowed Rogers the opportunity to recall the three witnesses.

■ Rule 43[3] requires the defendant's presence "at every stage of the trial," al-

---

**2.** Subsection (1) directly prohibits false statements by the taxpayer while subsection (2) applies to those, such as tax preparers, who aid or assist the taxpayer in making such statements. Therefore, cases involving materiality under either section are relevant to our inquiry.

**3.** Rule 43. Presence of the Defendant

(a) Presence Required. The defendant shall be present at the arraignment, at the time of the plea, at every stage of the trial including the impaneling of the jury and the return of the verdict, and at the imposition of sentence, except as otherwise provided by this rule.

(b) Continued Presence Not Required. The further progress of the trial to and including the return of the verdict shall not be prevented and the defendant shall be considered to

though a continued presence is not required under certain circumstances. One such circumstance is a voluntary absence without compelling justification, which constitutes a waiver of the right to be present. *See United States v. Peterson,* 524 F.2d 167, 184–85 (4th Cir.1975), *cert. denied,* 423 U.S. 1088, 96 S.Ct. 881, 47 L.Ed.2d 99; 424 U.S. 925, 96 S.Ct. 1136, 47 L.Ed.2d 334 (1976). The right, however, "cannot cursorily, and without inquiry, be deemed by the trial court to have been waived simply because the accused is not present when he should have been." *United States v. Beltran–Nunez,* 716 F.2d 287, 291 (5th Cir. 1983). The court should try to find out where the defendant is and why he is absent, and should consider the likelihood the trial could soon proceed with the defendant, the difficulty of rescheduling and the burden on the government. *Peterson,* 524 F.2d at 185; *United States v. Tortora,* 464 F.2d 1202 (2d Cir.1972). Typically, these factors will favor proceeding without the defendant in multi-defendant trials only. *Tortora,* 464 F.2d at 1210 n. 7.

■ The court below inquired of defense counsel regarding Rogers' whereabouts, but did nothing else. This is not sufficient to establish a waiver of his rule 43 right, particularly in a single defendant trial, and the court abused its discretion by proceeding without further investigation. A rule 43 violation, however, is subject to harmless error analysis. *United States v. Reynolds,* 489 F.2d 4, 8 (6th Cir.1973). We find the court's erroneous decision to proceed to be harmless because of the brief nature of Rogers' absence, the overall strength of the government's case, the consistency throughout all of the testimony, and the availability of transcripts the next day which he could have used by recalling the witnesses for further cross examination.

### IV.

■ On cross examination, the prosecutor asked Rogers about more than twenty misdemeanor worthless check convictions in North Carolina. Rogers argues that the convictions were inadmissible because there was no showing they "involved dishonesty or false statement." Fed.R.Evid. 609(a). The government counters that under North Carolina law, worthless check convictions involve dishonesty or false statements under all circumstances. We agree.

North Carolina has two worthless check statutes. One requires acting "with intent to cheat and defraud another." N.C.Gen. Stat. § 14–106 (1986). The second statute requires knowledge that the maker or drawer has insufficient funds. N.C.Gen. Stat. § 14–107 (1986). The North Carolina Supreme Court has stated that under § 14–107, a check is a representation that there are sufficient funds that, "if known to be untrue, is a false pretense." *Nunn v. Smith,* 270 N.C. 374, 154 S.E.2d 497, 501 (1967). Therefore, both statutes define crimes involving dishonesty or false statement, and Rogers' convictions for worthless checks were properly admitted under rule 609 as a matter of law. No additional showing was required.

### V.

■ During closing argument, the prosecutor made a number of inflammatory remarks intended to gut whatever credibility Rogers had as a witness. While much of it

have waived the right to be present whenever a defendant, initially present
(1) is voluntarily absent after the trial has commenced (whether or not the defendant has been informed by the court of the obligation to remain during the trial), or
(2) after being warned by the court that disruptive conduct will cause the removal of the defendant from the courtroom, persists in conduct which is such as to justify exclusion from the courtroom.
(c) Presence Not Required. A defendant need not be present in the following situations:

(1) A corporation may appear by counsel for all purposes.
(2) In prosecutions for offenses punishable by fine or by imprisonment for not more than one year or both, the court, with the written consent of the defendant, may permit arraignment, plea, trial, and imposition of sentence in the defendant's absence.
(3) At a conference or argument upon a question of law.
(4) At a reduction of sentence under Rule 35.

was excessive and uncalled for, defense counsel did not object so we review for plain error. *See United States v. Garza,* 608 F.2d 659 (5th Cir.1979). Given the strength of the government's case, we do not find that the argument affected Rogers' substantial rights. Fifteen witnesses testified similarly regarding Rogers' tax preparation scheme, so it is doubtful that the prosecutor's remarks had any impact. They amounted to harmless overkill, not plain error.

None of Rogers' issues on appeal constitute reversible error, so we affirm his conviction on all counts.

AFFIRMED.

WIDENER, Circuit Judge, concurring:

I concur in the result, and, as well, I concur in all of the opinion except that I would give a different reason for reaching our result in Part V thereof. I would not consider the remarks made by the United States Attorney in closing argument because no objection was made; neither was there a motion for mistrial, which should have been required. *United States v. Socony–Vacuum Oil Co.,* 310 U.S. 150, 238–39, 60 S.Ct. 811, 851, 84 L.Ed. 1129 (1940); *Dennis v. General Electric Corp.,* 762 F.2d 365, 366–67 (4th Cir.1985); *United States v. Elmore,* 423 F.2d 775, 780–82 (4th Cir.1970).