883 F.2d 70
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Roddy L. GILLUS, a/k/a Roddy L. Gillis, Defendant-Appellant.
 No. 88-5111.
 United States Court of Appeals, Fourth Circuit.
 Submitted June 23, 1989.
Decided Aug. 9, 1989.
 
 Fred Warren Bennett, Federal Public Defender, and Michael T. Citaramanis, Assistant Federal Public Defender, on brief for appellant.
 Breckinridge L. Willcox, United States Attorney, and Larry D. Adams, Assistant United States Attorney, on brief for appellee.
 Before MURNAGHAN and WILKINS, Circuit Judges, and BUTZNER, Senior Circuit Judge.
 PER CURIAM:
 
 
 1
 Roddy L. Gillus appeals from his convictions for use of a false social security number to obtain credit, 42 U.S.C.A. Sec. 408(g)(2) (West 1983 & Supp.1989), and bankruptcy fraud, 18 U.S.C.A. Sec. 152 (West Supp.1989). We affirm.
 
 
 2
 Defendant's convictions arose from his use of a false name and social security number in the purchase and financing of an automobile. The evidence at trial demonstrated that Defendant's correct name is Gillus and his social security number is iaq-bg-jkoe In 1980 he had purchased a Chevrolet Camaro under his correct name and social security number. That automobile was repossessed in 1982.
 
 
 3
 On November 26, 1985 Defendant purchased a 1986 Buick using the name Gillis and representing his social security number to be imb-rm-ypum In April 1986 Defendant purchased a new Chevrolet Corvette, again using the false name and social security number. In processing Defendant's credit application General Motors Acceptance Corporation obtained credit reports under the false social security number, which showed that "Gillis's" credit was in good standing on the Buick and did not reveal the prior repossession under "Gillus." The evidence also showed that Defendant possessed Maryland driver's licenses under each name and social security number.
 
 
 4
 In November 1986 Defendant filed for bankruptcy under his correct name and social security number. On January 7, 1987 at the meeting of creditors, Defendant responded under oath to certain questions as follows:
 
 
 5
 Q: Mr. Gillus, have you ever gone by any other name?
 
 
 6
 A: No.
 
 
 7
 Q: Have you ever gone by any other spelling of your name other than shown on the schedules?
 
 
 8
 A: Huh?
 
 
 9
 Q: Have you ever spelled your first, middle or last name any different than is stated on your petition of bankruptcy or your Chapter 13 statement?
 
 
 10
 .............................................................
 
 
 11
 ...................
 
 
 12
 * * *
 
 
 13
 A: No.
 
 
 14
 Q: Have you ever used any other social security number other than that shown on the Chapter 13 statement and that which you testified to previously?
 
 
 15
 .............................................................
 
 
 16
 ...................
 
 
 17
 * * *
 
 
 18
 A: No.
 
 
 19
 Defendant was indicted for and convicted of use of the false social security number in obtaining credit for the purchase of the Corvette and bankruptcy fraud in making material false statements in a bankruptcy proceeding. On appeal Defendant contends that a prosecutor's remark during opening statement deprived him of a fair trial, that the court erred by refusing to submit the issue of materiality of the false statements in bankruptcy court to the jury, and that the evidence was insufficient to support the verdict on each count.
 
 
 20
 During opening remarks, the prosecutor stated that Defendant's "bankruptcy petition [was] dismissed with prejudice, which means basically the court threw out his case on the conclusion that he had attempted to defraud the court." In response to Defendant's objection the district court immediately instructed the jury to disregard the comment and not to consider the actions of any other court as evidence in the trial.
 
 
 21
 In light of the district court instruction and the strength of the government's case, we find that the prosecutor's improper comment did not unfairly prejudice Defendant. See United States v. Brockington, 849 F.2d 872, 875 (4th Cir.1988). Furthermore, the district court properly ruled on the materiality of the false statements as a matter of law. "In crimes involving false statements, the materiality of the statement is usually decided as a matter of law by the court." United States v. Rogers, 853 F.2d 249, 251 (4th Cir.1988), cert. denied, 104 L.Ed.2d 403 (1989).
 
 
 22
 There was clearly sufficient evidence for a jury to conclude that Defendant knowingly used a false social security number to obtain credit in the purchase of the Corvette and knowingly gave false testimony in the bankruptcy proceeding. It was undisputed that Defendant had used the same false social security number to buy cars twice within five months and possessed driver's licenses under both the Gillus and Gillis spellings at the time of the bankruptcy hearing.
 
 
 23
 We dispense with oral argument because the facts and legal arguments are adequately presented in the briefs and record and the decisional process would not be aided by oral argument. Fed.R.App.P. 34(a); Loc.R. 34(a).
 
 
 24
 AFFIRMED.