**UNITED STATES of America, Plaintiff,**

**v.**

**Richard Ray LACEY, Defendant.**

**No. 89–10054–01.**

United States District Court,
D. Kansas.

Feb. 7, 1990.

Kim I. Martin, Wichita, Kan., for plaintiff.

Ernest H. Moulos, Wichita, Kan., for defendant.

MEMORANDUM AND ORDER

CROW, District Judge.

The defendant was indicted by the grand jury of one count of conspiracy to distribute cocaine, a violation of 21 U.S.C. § 841(a)(1), in violation of 21 U.S.C. § 846, three counts of distribution of cocaine, in violation of 21 U.S.C. § 841(a)(1) and 18 U.S.C. § 2, one count of possession of cocaine with intent to distribute, in violation of 21 U.S.C. § 841(a)(1) and 18 U.S.C. § 2, and one count of possession of marijuana with intent to distribute, in violation of 21 U.S.C. § 841(a)(1) and 18 U.S.C. § 2. The defendant retained counsel. Four other defendants were named in the indictment. One defendant subsequently entered a guilty plea. On July 17, 1989, defendant Lacey's counsel was notified of the initial trial setting of September 12, 1989. For various reasons, the jury trial in this case was rescheduled five times. Defendant's counsel was notified each time. The last trial setting was scheduled for February 6, 1990, with jury selection scheduled to begin at 9:30 a.m. Counsel for all defendants were notified of this trial setting on January 5, 1990. Counsel was told to be in the conference room at 9:00 a.m. to discuss pretrial matters.

The case came on for trial on February 6, 1990. Shortly after 9:00 a.m., counsel for defendant Lacey informed the court that defendant had not yet arrived, and that he had informed the defendant to be in court at 9:30. All other defendants were present. The court began the pretrial con-

ference at approximately 9:30. Counsel for defendant Lacey informed the court that in the interim he had attempted to contact the defendant by phone, but was not successful. Jury selection was scheduled to begin at 1:30 p.m. Shortly before jury selection began, another conference was held in which the government moved for an order revoking defendant Lacey's bond and moved to proceed with the case against defendant Lacey *in absentia*. Defendant Lacey still had not appeared, even though his counsel last spoke with him on February 4, 1990, and reminded defendant of the trial date and time. Counsel for defendant Lacey objected to trying the defendant *in absentia*, and also moved to withdraw as counsel since his client had not followed his instructions. After listening to the arguments of all counsel, and reviewing the law concerning the issue of trying a defendant *in absentia*, the court granted the government's motion to proceed against defendant Lacey in his absence. The court denied counsel's motion to withdraw.

Fed.R.Crim.P. 43 states in pertinent part:
**(a) Presence Required.** The defendant shall be present at the arraignment, at the time of the plea, at every stage of the trial including the impaneling of the jury and the return of the verdict, and at the imposition of sentence, except as otherwise provided by this rule.

**(b) Continued Presence Not Required.** The further progress of the trial to and including the return of the verdict shall not be prevented and the defendant shall be considered to have waived the right to be present whenever a defendant, initially present,

(1) is voluntarily absent after the trial has commenced (whether or not the defendant has been informed by the court of the obligation to remain during the trial) . . .

▮ Rule 43 has been interpreted as permitting a defendant's voluntary absence before the trial commences to act as a waiver of his right to be present. *United States v. Peterson*, 524 F.2d 167, 184 (4th Cir.1975), *cert. denied*, 423 U.S. 1088, 96 S.Ct. 881, 47 L.Ed.2d 99 (1976). The defen-

dant bears the burden of justifying his absence from a known proceeding against him. *United States v. Tortora*, 464 F.2d 1202, 1209 (2d Cir.1972), *cert. denied, sub nom. Santoro v. United States*, 409 U.S. 1063, 93 S.Ct. 554, 34 L.Ed.2d 516 (1972). *See also United States v. Sanchez*, 790 F.2d 245, 249 (2d Cir.1986), *cert. denied*, 479 U.S. 989, 107 S.Ct. 584, 93 L.Ed.2d 587 (1986). Counsel for defendant Lacey represented to the court that he told his client the time and place he should appear for trial on February 6, 1990. Defendant Lacey knew of his obligation to be present at the trial. He has made no attempt to contact the court concerning his absence. The court gave the defendant a reasonable amount of time to appear on the day of trial. The court finds that defendant Lacey willfully and voluntarily absented himself without justification and has waived his right to be present at trial. The court must also determine whether it would be an abuse of discretion to try the defendant *in absentia*. *Sanchez*, 790 F.2d at 250. There are several factors the court must consider: (1) the likelihood that the trial could soon take place with the defendant present; (2) the difficulty in rescheduling, particularly in a multi-defendant trial such as the case before the court; (3) the burden on the government in having to undertake two trials, again particularly in multi-defendant trials where the evidence against the defendants is often overlapping and more than one trial might keep the government's witness in substantial jeopardy. *Tortora*, 464 F.2d at 1210. *See also United States v. Rogers*, 853 F.2d 249, 252 (4th Cir.1988), *cert. denied*, —— U.S. ——, 109 S.Ct. 375, 102 L.Ed.2d 364 (1988). This is a multi-defendant trial. There is no evidence of any likelihood that the trial could soon take place with the defendant present. The court does not know the whereabouts of the defendant. Given the nature of this case and the penalty facing defendant Lacey if he were convicted, it is unlikely that defendant will be found soon, although the court has signed the order revoking defendant Lacey's bond and the United States Marshal's Service has been directed to attempt to locate the defendant. The court

finds that it would be an extreme burden upon the government to undertake two trials if defendant Lacey is subsequently apprehended and the case would then need to go to trial against him. The parties have represented to the court that this case will take at least four weeks. The government has represented that it will take at least two weeks alone just to present its case. Defendant Lacey is charged with conspiracy to distribute cocaine along with the other named defendants. He is also charged with counts of distribution of cocaine, possession of cocaine with intent to distribute, and possession of marijuana with intent to distribute. Other defendants are named in some of the same counts of distribution and possession with intent to distribute as is defendant Lacey. Most, if not all, of the evidence against defendant Lacey will overlap with the evidence against the other defendants. Furthermore, the court finds that it would be extremely difficult to reschedule this four week trial, not only for the parties, but for the court to set aside a period of time from the court's docket and from the parties' individual dockets. This case has already been rescheduled five times since the original trial date of September 12, 1989. Further delay is not mandated by defendant Lacey's unjustifiable and voluntary absence from trial. The public's interest in seeing the accused brought to trial clearly outweighs the defendant's right to be present at trial in this case, since the defendant has waived his right to be present by his voluntary absence. *Tortora*, 464 F.2d at 1210.

IT IS THEREFORE ORDERED that the government's motion to try defendant Lacey *in absentia* is granted.