935 F.2d 268
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Wilfredo MARTINEZ, Defendant-Appellant.
UNITED STATES of America, Plaintiff-Appellee,
v.
Wilfredo MARTINEZ, Defendant-Appellant.
 Nos. 89-5805, 89-6301.
 United States Court of Appeals, Fourth Circuit.
 Submitted Feb. 8, 1991.
Decided May 31, 1991.
 
 Appeals from the United States District Court for the Eastern District of Virginia, at Norfolk. J. Calvitt Clarke, Jr., District Judge. (CR-87-127-N)
 Russell C. Williams, Richmond, Va., Frank Quintero, Jr., Calianne P. Lantz, Miami, Fla., for appellant.
 Henry E. Hudson, United States Attorney, Michael R. Smythers, Assistant United States Attorney, Alexandria, Va., for appellee.
 E.D.Va.
 AFFIRMED.
 Before MURNAGHAN, CHAPMAN and WILKINSON, Circuit Judges.
 PER CURIAM:
 
 
 1
 Wilfredo Martinez appeals a jury conviction of conducting a continuing criminal enterprise (21 U.S.C. Sec. 848), interstate travel to facilitate the distribution of cocaine (18 U.S.C. Sec. 1952), and cocaine distribution (21 U.S.C. Sec. 841). Martinez raises no meritorious issues on appeal, and a review of the entire record and supplemental brief--in accord with Anders v. California, 386 U.S. 738 (1967)--discloses no errors. We therefore affirm the conviction.
 
 
 2
 The grand jury indicted Martinez on various drug charges stemming from a Miami-based drug conspiracy that shipped cocaine to Virginia. Martinez failed to show up in court on the day of trial, and Martinez's counsel moved for a continuance claiming that he could not locate Martinez and Martinez's presence was necessary to conduct a defense. The court denied the motion and tried Martinez in absentia.
 
 
 3
 The government presented at trial, over objection, testimony that Martinez had a "great deal of respect" for the movie character Scarface, a Cuban who worked his way to the top of the Miami cocaine trade in the movie Scarface. The government argued in closing that Martinez emulated the character in the movie.
 
 
 4
 Martinez appealed in forma pauperis; appointed counsel filed an Anders brief and motion to withdraw. This Court granted leave for Martinez to file a supplemental brief prepared by different counsel. The supplemental brief raised two issues:
 
 
 5
 (1) the court abused its discretion by denying the motion to continue and (2) the court improperly allowed the government to argue the Scarface parallel.
 
 
 6
 The court did not abuse its discretion by denying Martinez's
 
 
 7
 motion to continue
 
 
 8
 Voluntary absence without compelling justification waives a defendant's right to be present at trial. United States v. Rogers, 853 F.2d 249, 252 (4th Cir.), cert. denied, 488 U.S. 946 (1988). When a defendant does not show up for trial, a court should try to find out where the defendant is and why he is absent. Id. The court should also consider the likelihood that the trial could soon take place in the defendant's presence, the difficulty of rescheduling trial, and the burden on the government to reschedule trial. Id.
 
 
 9
 The court heard argument that suggested that Martinez had fled: Martinez vacated his house, sold his furniture, failed to appear at the last two hearings, and was no longer in contact with his attorney. The court inquired about whether Martinez gave his attorney notice of his move or a forwarding address and whether his counsel knew Martinez's whereabouts. Defense counsel replied that he did not know where Martinez was and failed to offer a justification for Martinez's absence. Based on these facts, the court's findings that a trial could not be held soon in Martinez's presence, that it would be of great expense to reschedule the trial, and that Martinez knew the date of yet waived his right to attend his trial were not clearly erroneous.[1] The court did not abuse its discretion by denying the continuance.
 
 
 10
 The Scarface argument did not unfairly prejudice Martinez
 
 
 11
 The relevant legal question is whether the Scarface parallel was clearly designed to incite the passions and prejudices of the jury. United States v. North, 910 F.2d 843, 894-95 (D.C.Cir.1990). The argument that the parallel was designed to prod the jury to conclusions based on conjecture and xenophobic biases against Hispanics who reside in Miami, is unpersuasive. Nothing in the record suggests that the argument was designed to arouse racial passions or prejudices. See United States v. Mack, 643 F.2d 1119, 1125 (5th Cir.1981). The character Scarface is Cuban--as is Martinez--but beyond that similarity, we discern no intention by the government to emphasize race to arouse the passion or prejudice of the jury. Rather, the Scarface evidence was relevant to prove Martinez's mental state--that of an enterprising drug kingpin--and was used by the prosecutor to this end.
 
 
 12
 We have reviewed the entire record and find no meritorious issues on appeal. We deny counsel's motion to withdraw. Under the plan adopted by the Fourth Circuit Judicial Council in implementation of the Criminal Justice Act of 1964, court-appointed counsel must inform his client in writing of his right to petition the Supreme Court for a writ of certiorari. If requested by his client to do so, counsel should prepare a timely petition for such a writ and take such steps as are necessary to protect the rights of his client. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the Court and argument would not aid the decisional process.
 
 
 13
 AFFIRMED.
 
 
 
 [1]
 Martinez admitted at the sentencing hearing that he voluntarily did not show up at trial