948 F.2d 1283
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Jeanne A. FARNAN, Defendant-Appellant.
 No. 90-5799.
 United States Court of Appeals, Fourth Circuit.
 Argued June 7, 1991.
Decided Nov. 18, 1991.
 
 Appeal from the United States District Court for the Eastern District of Virginia, at Alexandria. Claude M. Hilton, District Judge. (CR-90-60-A)
 Argued: Henry St. John Fitzgerald, McLean, Va., for appellant; Kimberly Mary Zimmer, Tax Division, United States Department of Justice, Washington, D.C., for appellee.
 On Brief: Jane Juliano, McLean, Va., Robert P. Trout, Dunnells, Duvall & Porter, Washington, D.C., for appellant; Shirley D. Peterson, Assistant Attorney General, Robert E. Lindsay, Alan Hechtkopf, Elise C. Weinstein, Tax Division, United States Department of Justice, Washington, D.C.; Henry E. Hudson, United States Attorney, David G. Barger, Assistant United States Attorney, Alexandria, Va., for appellee.
 E.D.Va.
 AFFIRMED.
 Before DONALD RUSSELL, WIDENER and MURNAGHAN, Circuit Judges.
 OPINION
 PER CURIAM:
 
 
 1
 Jeanne A. Farnan, having failed timely to file her 1982, 1983, and 1984 individual federal income tax returns, was prosecuted for seven felony tax violations. On six of them, judgment of acquittal was entered at the close of the prosecution's presentation. However, a finding of guilt was returned by the jury with respect to a charge of willful false statement shown on her 1984 return which claimed as an interest deduction the amount of $41,139, though she did not make the payment in 1984.
 
 
 2
 Farnan's principal arguments have concerned the language of 26 U.S.C. § 7206(2). That statute makes it a felony willfully to present a matter arising under the internal revenue laws "which is fraudulent or false as to any material matter." (Emphasis added). Farnan's contention has been that the district court erred in making materiality for the purposes of 26 U.S.C. § 7206(b) a matter of law for the court rather than a matter of fact for the jury. She has relied on United States v. Null, 415 F.2d 1178 (4th Cir.1969). However, Null, as explained in United States v. Rogers, 853 F.2d 249 (4th Cir.1988), does not stand for the proposition for which Farnan has contended. In Rogers, we held "that materiality is a matter of law for the court to decide." Id. at 251.
 
 
 3
 Null was a case where the jury had been given materiality as a fact to decide. The jury found the defendant guilty. Hence, the question of law or fact, i.e., of judge or jury, did not require to be decided in Null. As explained in Rogers, "the Null holding does not control ... decision as to materiality under § 7206(2)." Id. at 251.
 
 
 4
 Farnan has further contended that, even as a matter of law, there could not have been falsity as to any material matter because her 1984 tax return showed no tax was due, even after the deduction of the $41,139 was excluded, demonstrating that she owed no tax for 1984. She further contended that no other advantage would accrue through the false deduction. That is, however, too simple. A zero tax conclusion depends on the correctness of perhaps every item going into the tax return. The entry of a false deduction such as the one here creates grounds for suspicion as to the accuracy of all the income statements or deductions. Expenditure of time and effort by the Internal Revenue Service might well become necessary as a result of the false deduction for the IRS to meet its monitoring responsibilities, though it might be unnecessary for the IRS to verify the accuracy of the return if the false deduction had not been claimed.*
 
 
 5
 Farnan's claim that proof was lacking that she knew the false statement's materiality or falsity approaches the same argument in a different guise. Farnan has insisted that her belief, even if not reasonable, led inexorably to acquittal. The district judge's charge that a good-faith misunderstanding may negate willfulness adequately addressed the matter. Examination of the evidence in the light most favorable to the government has indicated sufficient proof of willfulness. Glasser v. United States, 315 U.S. 60, 80 (1942).
 
 
 6
 Farnan also sought to defend on the grounds that her accountant had made the mistake of entering the deduction in 1984. There were, however, sufficient grounds for questioning the completeness and accuracy of the information provided by Farnan to the accountant. The district judge's instruction on good faith as a consequence of an accountant's advice was adequate, and, of course, Farnan was not entitled to insist on her own language rather than that of the district court.
 
 
 7
 One complaint by Farnan concerned statements by the prosecutor she claimed to have been derogatory and prejudicial. The district judge, however, sustained objections to many of the questions of which Farnan has complained, questioned their relevance, and took the prosecutor to task for pursuing the case in that manner. Impropriety, we can assume, was shown, but resulting prejudice was not. United States v. Brockington, 849 F.2d 872, 875 (4th Cir.1988). Farnan's complaints related to a count or counts for which Farnan was acquitted, and the district judge's conduct with respect to the prejudicial and derogatory remarks adequately insulated them from consideration of the materiality claim.
 
 
 8
 Other arguments have been advanced by Farnan, but the requirement that instructions "must be viewed in the context of the overall charge," United States v. Park, 421 U.S. 658, 675 (1975); Cupp v. Naughten, 414 U.S. 141, 146 (1973), together with the necessity for plain error to raise objections not asserted at trial, and the district court's discretion over whether to make a transcript available to the jury, United States v. Meredith, 824 F.2d 1418, 1425 (4th Cir.), cert. denied, 484 U.S. 968 (1987), provide adequate responses. The Allen charge, derived from Allen v. United States, 164 U.S. 492 (1896), given to a jury, which was hung after approximately three hours of deliberation, did not depart from a regularly employed procedure and its use here by no means amounted to an abuse of discretion. Farnan's dissatisfaction with the method of the "struck jury" selection has been met with the rationale of United States v. Blouin, 666 F.2d 796 (2d Cir.1981) ("jury box"), which we find more pertinent than the case Farnan has cited, United States v. Ricks, 802 F.2d 731 (4th Cir.), cert. denied, 479 U.S. 1009 (1986). The attempt to gain a new trial because of newly discovered evidence must fail. It sought to bolster and supplement the testimony at trial of Farnan's accountant with material from an affidavit of the accountant who had testified at the trial. It was not newly discovered evidence. United States v. Chavis, 880 F.2d 788, 793 (4th Cir.1989); United States v. Bales, 813 F.2d 1289, 1295 (4th Cir.1987).
 
 Accordingly, the judgment is
 
 9
 AFFIRMED.
 
 WIDENER, Circuit Judge, dissenting:
 
 10
 The majority affirms Mrs. Farnan's conviction holding that the deduction on her 1984 tax return was a material matter under 26 U.S.C. § 7206(1). I respectfully dissent.
 
 
 11
 In United States v. Null, we held that "[u]nder § 7206(1) the test of materiality is whether a particular item must be reported 'in order that the taxpayer estimate and compute his tax correctly.' " 415 F.2d 1178, 1181 (4th Cir.1969) (citations omitted). Null remains the law in this circuit. Ordinary deductions need not be reported on personal tax returns. Thus, it is not the case that Farnan's deduction "must be reported." Because of Farnan's tax situation, neither could that particular deduction have had any effect on the estimation or computation of her tax. Therefore, under Null, the deduction was not material as a matter of law.
 
 
 12
 The majority opinion disregards the definition of materiality in Null and calls the deduction "material" based on the time and effort expended by the Internal Revenue Service in verifying the correctness of the deduction. Without en banc consideration, the test of materiality in this circuit remains as defined in Null. Because Farnan's deduc 4275 35 1 tion fails this test, I would reverse her conviction.
 
 
 
 *
 The fact that verification having been undertaken revealed that no tax was actually due did not affect the time, effort and expense of the making of the investigation