989 F.2d 492
 62 Fair Empl.Prac.Cas. (BNA) 160
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, Plaintiff-Appellee,
v.
PIZZA HUT OF ROANOKE RAPIDS, INCORPORATED, Defendant-Appellant.
 No. 92-2083.
 United States Court of Appeals,
Fourth Circuit.
 Submitted: February 24, 1993
Decided: March 24, 1993
 
 Appeal from the United States District Court for the Eastern District of North Carolina, at Elizabeth City. Terrence W. Boyle, District Judge. (CA-91-23-2-BO)
 Gary Hamilton Clemmons, Stubbs, Perdue, Chesnutt, Wheeler & Clemmons, P.A., New Bern, North Carolina, for Appellant.
 Donald R. Livingston, General Counsel, Gwendolyn Young Reams, Associate General Counsel, Lorraine C. Davis, Assistant General Counsel, Sophia C. Goodman, Equal Employment Opportunity Commission, Washington, D. C., for Appellee.
 E.D.N.C.,
 AFFIRMED.
 Before NIEMEYER and HAMILTON, Circuit Judges, and CHAPMAN, Senior Circuit Judge.
 PER CURIAM:
 
 
 1
 Pizza Hut of Roanoke Rapids, Inc. appeals a final judgment of the district court holding it liable for wrongfully terminating Jacqueline Batchelor-Burke in retaliation for her allegation of sexual harassment against a Pizza Hut assistant manager, and for awarding her back pay, plus interest, in the amount of $20,800.27. We affirm.
 
 I.
 
 2
 Jacqueline Batchelor-Burke ("Batchelor-Burke") was employed as a waitress and cashier by Pizza Hut of Roanoke Rapids ("Pizza Hut") from sometime in April 1988 until July 28, 1989.
 
 
 3
 Assistant manager Carlton Ray Downing ("Downing") engaged in unwanted physical contact of a sexual nature with Batchelor-Burke on several occasions between April and July of 1989. She did not report this conduct until a more serious incident involving Downing occurred on July 23, 1989. On the following day, Monday, July 24, 1989 Batchelor-Burke reported the episode to Pizza Hut management.
 
 
 4
 Batchelor-Burke was scheduled to work the evening shift on Thursday, July 27, and after the shift, was to attend a meeting with Downing and temporary manager David White. Batchelor-Burke claimed, and the district court found as a fact, that White had excused her from working and from attending the meeting because she was afraid of Downing.
 
 
 5
 On Friday, July 28, White told area supervisor Monte Walters that Batchelor-Burke had failed to show up for work and for the meeting on July 27. White was advised to suspend her, and she was later terminated ostensibly for missing the shift and meeting. Within the next three weeks Batchelor-Burke requested to be rehired by Pizza Hut and was refused.
 
 
 6
 Batchelor-Burke was convicted in February of 1990 of writing worthless checks totalling $117.25 between August 24, 1989 and September 9, 1989.* This was the period immediately following her termination. She was not sentenced to any jail time.
 
 
 7
 On April 5, 1991, the Equal Employment Opportunity Commission ("EEOC") brought this action on behalf of Batchelor-Burke, against Pizza Hut alleging a violation of § 704(a) of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e-3(a), in the United States District Court for the Eastern District of North Carolina. The parties stipulated that the Commission had complied with the procedural requirements for filing a Title VII suit.
 
 
 8
 During the bench trial, Pizza Hut twice attempted to question witnesses about Batchelor-Burke's conviction on the worthless checks charge, but general objections to these questions were sustained.
 
 
 9
 The court found that Pizza Hut wrongfully discharged BatchelorBurke in retaliation for her allegations of sexual harassment by Downing, and this discharge was in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e-3(a). It found back pay to be owing pursuant to 42 U.S.C. § 2000e-5(g).
 
 
 10
 The court heard testimony from Batchelor-Burke as to her employment record and her efforts to gain employment in the intervening years and found that she was owed back pay in the amount of $16,863.74 plus interest, for a total of $20,800.27.
 
 II.
 
 11
 Pizza Hut first argues that the district court abused its discretion in excluding testimony of Batchelor-Burke's worthless checks conviction, contending that the conviction was admissible for impeachment purposes pursuant to Fed. R. Evid. 609(a)(2), which states that "evidence that any witness has been convicted of a crime shall be admitted if it involved dishonesty or false statement, regardless of the punishment." This Court has held that convictions under N.C. Gen. Stat. § 14-107 are admissible as involving"dishonesty or false statement." United States v. Rogers, 853 F.2d 249, 252 (4th Cir.), cert. denied, 488 U.S. 946 (1988).
 
 
 12
 A district court's evidentiary rulings may be reversed only upon a finding of abuse of discretion. Persinger v. Norfolk & W. Ry. Co., 920 F.2d 1185, 1187 (4th Cir. 1990). In a jury trial the exclusion of this evidence may have made a difference, but this was a bench trial and the judge was aware of the prior conviction because of EEOC's motion in limine, which sought to bar admission of evidence or testimony related to the conviction. The judge was aware of the charges and conviction and the time frame in which the crimes were committed. If the conviction was going to influence his credibility determinations, it would have done so. Under these circumstances, we find the district judge did not abuse his discretion in sustaining plaintiff's objection to this evidence.
 
 III.
 
 13
 Pizza Hut next argues that the district court erred in its calculation of back pay due Batchelor-Burke. A district court's findings of fact may be reversed only if they are clearly erroneous. Federal Rule of Civil Procedure 52(a). Amadeo v. Zant, 486 U.S. 214, 223 (1988). Pizza Hut asserts that Batchelor-Burke failed to carry her burden of demonstrating that she exercised reasonable diligence to mitigate her damages by seeking work after her termination.
 
 
 14
 A claimant has an affirmative duty to produce evidence to support her claim for damages by showing she was unable to find comparable employment. After she has done so the burden shifts to the employer to prove she did not exert reasonable efforts to mitigate her damages. Edwards v. School Bd., 658 F.2d 951, 956 (4th Cir. 1981).
 
 
 15
 The district court found that Batchelor-Burke worked as a waitress for various periods of time, and for a number of restaurants and that she was employed as a waitress at the time of trial. Her efforts at employment were proper to mitigate her damages. The court excluded from its back pay award the five and one-half months she was voluntarily unemployed because of her pregnancy. These are findings of fact, and we cannot say that they are clearly erroneous.
 
 IV.
 
 16
 Accordingly, we affirm the judgment of the district court. Because our review of the record and other materials before us reveals that argument would not significantly aid our decision, and because the parties have consented to forego it, we dispense with oral argument.
 
 AFFIRMED
 
 
 *
 Batchelor-Burke was found to have violated N.C. Gen. Stat. § 14-107 (1986)