UNPUBLISHED

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

UNITED STATES OF AMERICA,
<u>Plaintiff-Appellee,</u>

v.                                                                     No. 99-4362

FRANK R. FATO, SR.,
<u>Defendant-Appellant.</u>

UNITED STATES OF AMERICA,
<u>Plaintiff-Appellee,</u>

v.                                                                     No. 99-4363

FRANK R. FATO, SR.,
<u>Defendant-Appellant.</u>

Appeals from the United States District Court
for the Northern District of West Virginia, at Elkins.
Robert Earl Maxwell, Senior District Judge.
(CR-90-160, CR-92-75)

Submitted: February 15, 2000

Decided: March 17, 2000

Before MURNAGHAN, WILKINS, and LUTTIG, Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

Peter Goldberger, Pamela A. Wilk, Ardmore, Pennsylvania, for
Appellant. Melvin W. Kahle, Jr., United States Attorney, Rita R. Val-

drini, Assistant United States Attorney, Lisa Grimes Johnston, Assistant United States Attorney, Wheeling, West Virginia, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

In these consolidated appeals, Frank R. Fato, Sr. appeals his sentence imposed following revocation of his supervised release and probation. He contends that (1) the district court that originally sentenced him to three terms of supervised release lacked jurisdiction to do so and (2) the district court in this case erred in imposing a seven-year sentence. We conclude that the first claim is not properly before us in this appeal and that the second claim is meritless. We therefore affirm.

I.

In 1991, Fato was convicted of causing a person to cross state lines to commit arson and two related offenses. He absconded before sentencing, and the district court imposed sentence in his absence. The sentence included three concurrent terms of incarceration, three concurrent terms of supervised release, a fine, restitution, and three special cost assessments.

Because of his flight before sentencing, Fato was charged with failure to appear. He pled guilty to this charge and was sentenced to a term of probation to be served along with his three terms of supervised release.

Following his release from prison, Fato not only failed to pay the restitution and penalties imposed by the court but actively manipulated his assets to avoid making the required payments. The district

2

court therefore revoked his probation and his supervised release terms. The court then afforded Fato an additional six months to arrange for payment of his arrearages. After Fato and his attorneys made virtually no progress toward satisfaction of Fato's obligations, the court ordered Fato to serve a total of seven years' incarceration (consecutive two-year terms for each of the three arson-related convictions and a consecutive one-year term for the failure to appear conviction). This appeal followed.

II.

Fato initially contends that his current sentence is invalid because he was not present when the court imposed his sentence in 1992. To the extent that this claim challenges the district court's jurisdiction, we hold that the court had jurisdiction to sentence Fato in his absence, even though the version of Fed. R. Crim. P. 43 then in effect did not expressly authorize sentencing in absentia. See United States v. Rogers, 853 F.2d 249, 252 (4th Cir. 1988) (noting that violations of Rule 43 may be harmless error); cf. Hill v. United States, 368 U.S. 424, 428 (1962) (stating that denial of opportunity for allocution, in violation of Fed. R. Crim. P. 32, was not jurisdictional error). To the extent that this claim alleges non-jurisdictional error in the imposition of the arson sentence, we decline to consider it in this appeal from revocation of Fato's supervised release. See United States v. Johnson, 138 F.3d 115, 117-18 (4th Cir. 1998).

Fato's second claim is that, even if his original sentence was lawful, his sentence in this case was not. He advances three reasons to support this claim. First, he argues that under 18 U.S.C.A. § 3583(e)(3) (West Supp. 1999),* his total sentence upon revocation of supervised release could not exceed two years. The plain language of the statute, however, links this two-year maximum to each term of supervised release, not to each revocation proceeding. Therefore, we find this claim meritless.

_____

*Although § 3583(e)(3) has been significantly revised since Fato was originally sentenced to serve terms of supervised release, the changes are not relevant to this claim.

3

Fato's second argument--that the district court failed to state its reasons for imposing a seven-year sentence rather than a shorter term --was not raised below and does not constitute plain error. See United States v. Karam, ___ F.3d ___, 2000 WL 6224, at *5 (4th Cir. Jan. 6, 2000) (No. 98-4271) (discussing plain error); see also Johnson, 138 F.3d at 119 ("Congress never intended . . . for sentencing to become a hyper-technical exercise devoid of common sense.").

Finally, Fato contends that the district court abused its discretion in imposing the seven-year sentence. We disagree. Fato demonstrated chronic unwillingness to accept responsibility for his criminal acts. Of particular relevance is his elaborate manipulation of his assets to frustrate the Government's efforts to collect restitution and other monetary penalties. This conduct prevented the Government from making the victims whole, and we conclude the district court did not abuse its discretion in exercising its option to incarcerate him.

For these reasons, we affirm the revocation of Fato's supervised release and probation and the accompanying sentence. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED