Rehearing granted, February 15, 2005

**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

---

**No. 03-7508**

---

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

DONATHAN WAYNE HADDEN,

Defendant - Appellant.

---

Appeal from the United States District Court for the District of South Carolina, at Florence.   Cameron McGowan Currie, District Judge.  (CR-98-156; CA-02-334-22-4)

---

Submitted:  October 1, 2004          Decided:  November 2, 2004

---

Before LUTTIG, WILLIAMS, and TRAXLER, Circuit Judges.

---

Affirmed by unpublished per curiam opinion.

---

David B. Betts, Columbia, South Carolina, for Appellant. J. Strom Thurmond, Jr., United States Attorney, Alfred W. Bethea, Jr., Assistant United States Attorney, Florence, South Carolina, for Appellee.

---

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

PER CURIAM:

In March 1999, Donathan Wayne Hadden was convicted by a jury of conspiracy to possess with intent to distribute and distribution of methamphetamine (Count I); attempted possession with intent to distribute methamphetamine (Count II); and using and carrying a firearm during and in relation to a drug trafficking crime (Count III or § 924(c)[1] count). The district court sentenced him to 168 months on the drug charges, plus a sixty-month mandatory consecutive term for the firearm violation. This court affirmed his convictions and sentence on direct appeal. United States v. Hadden, Nos. 99-4503, 99-4504 (4th Cir. July 18, 2000) (unpublished).

Hadden subsequently sought relief pursuant to 28 U.S.C. § 2255 (2000). In an order dated November 12, 2002, the district court denied § 2255 relief on Hadden's claims relating to the drug charges and granted a conditional writ of habeas corpus as to the § 924(c) count based on the decision in Bailey v. United States, 516 U.S. 137 (1995). On November 22, 2002, after the Government informed the court that it did not intend to retry Hadden on the § 924(c) count, the district court entered an amended criminal judgment with respect to Counts I and II. In entering the judgment, the district court reimposed the original 168-month

_____

[1]18 U.S.C. § 924(c) (2000).

- 2 -

sentence on the drug counts and deleted the sixty-month consecutive sentence on the § 924(c) count.

On appeal, Hadden argues that the district court erred in entering an amended judgment as to the drug counts without holding a resentencing hearing. Hadden fails to set forth any sentencing issue for the district court to resolve at a resentencing hearing, and merely argues that he has an absolute right to such a hearing.

A defendant clearly has the right to be present at sentencing. Fed. R. Crim. P. 43(a)(3). Rule 43(b) provides, however, that a defendant does not have the right to be present if the "proceeding involves the correction or reduction of sentence under Rule 35 or 18 U.S.C. § 3582(c)." Fed. R. Crim. P. 43(b)(4). We decline to reach the issue of whether the district court violated Rule 43 in issuing an amended judgment without holding a resentencing hearing; even if a violation of Rule 43 occurred, any resulting error was harmless. United States v. Pratt, 351 F.3d 131, 138 (4th Cir. 2003) (finding that violations of Rule 43 are subject to harmless error analysis); United States v. Rogers, 853 F.2d 249, 252 (4th Cir. 1988) (same). Because Hadden's initial brief[2] fails to set forth any sentencing issue for the district

_____

[2]In Hadden's reply brief, he argues that he may now raise arguments at resentencing in light of the Supreme Court's decision in Blakely v. Washington, 124 S. Ct. 2531 (2004). We recently held, however, "that Blakely, like Apprendi [v. New Jersey, 530 U.S. 466 (2000)] before it, does not affect the operation of the federal sentencing guidelines." United States v. Hammoud, 381 F.3d 316, 2004 WL 2005622, at *28 (4th Cir. Sept. 8, 2004) (en banc);

court to resolve at a resentencing hearing, we find that any resulting error was harmless.

Accordingly, we affirm Hadden's amended sentence. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED

United States v. Hammoud, 378 F.3d 426 (4th Cir. 2004) (order), petition for cert. filed, __ U.S.L.W. __ (U.S. Aug. 6, 2004) (No. 04-193).

- 4 -