989 F.2d 496
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
UNITED STATES OF AMERICA, Plaintiff-Appellee,
v.
Thomas G. RUTHERS, II, Defendant-Appellant.
 No. 88-5131.
 United States Court of Appeals,
Fourth Circuit.
 Argued: October 2, 1992
Decided: March 22, 1993
 
 Appeal from the United States District Court for the Northern District of West Virginia. Robert Earl Maxwell, Chief District Judge; William M. Kidd, Senior District Judge. (CR-88-62-K)
 Argued: Robert Christopher Rice, Hunton & Williams, Richmond, Virginia, for Appellant.
 Michael D. Stein, Assistant United States Attorney, Wheeling, West Virginia, for Appellee.
 On Brief: Eric J. Sorenson, Jr., Hunton & Williams, Richmond, Virginia, for Appellant.
 William A. Kolibash, United States Attorney, Wheeling, West Virginia, for Appellee.
 N.D.W.Va.
 AFFIRMED.
 Before ERVIN, Chief Judge, PHILLIPS, Circuit Judge, and BUTZNER, Senior Circuit Judge.
 PER CURIAM:
 
 
 1
 Thomas G. Ruthers, II appeals an Amended Judgment and Commitment Order of the United States District Court for the Northern District of West Virginia entered on November 13, 1990, modifying the terms of his incarceration. Ruthers had pleaded guilty to a two-count information charging him with conspiracy to transport minors for commercial exploitation in violation of 18 U.S.C. § 371 and transportation of minors for commercial exploitation in violation of 18 U.S.C. § 2423 (1982).
 
 
 2
 Ruthers raises four issues on appeal: (1) did the district court conduct a sufficiently detailed investigation into the factual basis of the plea agreement; (2) did the district court resolve his objections to the Presentence Investigation Report (PSI); (3) was he entitled to be present during the correction of sentence hearing; and (4) did the United States breach its plea bargain. We deny Ruthers' appeal and affirm the judgment of the district court.
 
 I.
 
 3
 In the summer of 1985 Thomas Ruthers was engaged in the transportation of minors from Maryland to West Virginia in order to sexually exploit them. Ruthers brought two young boys to his home in West Virginia where they engaged in fellatio and he allegedly sodomized them. Ruthers also photographed the boys nude and exchanged the photographs with other pedophiles.
 
 
 4
 In May 1986 the State of West Virginia indicted Ruthers on eight counts of first-degree sexual assault. The United States then filed a two-count information charging Ruthers with conspiracy to transport minors for commercial exploitation and transportation of minors for commercial exploitation. Ruthers entered into a joint plea agreement with the State of West Virginia and the United States. Under the terms of this agreement, Ruthers pleaded guilty to one count of the state charge and both counts of the federal information. A critical portion of the agreement was that Ruthers would serve both the federal and state sentences in a federal facility. Ruthers feared for his safety if he were forced to serve the state sentence in a state penitentiary.
 
 
 5
 On April 14, 1988 Ruthers tendered his guilty plea. The court established a factual basis for the guilty plea at the hearing. At sentencing on August 2, 1988 the court inquired as to whether Ruthers had any objections to the PSI. Ruthers stated several objections, but failed to mention the factual inaccuracies which he claims to have amended in a written statement he gave to his attorney. He avers to have submitted written corrections about the report concerning the facts and circumstances of the commercial exploitation charge. The alleged corrections were not incorporated into the PSI. Ruthers made no mention of their absence, but the exploitation issues were fully addressed at the hearing.
 
 
 6
 After further inquiry the court entered Ruthers' earlier guilty plea and sentenced Ruthers to twelve and one-half years. The sentence was to run concurrently with a term of fifteen to twenty-five years for the state conviction. Current parole guidelines estimate that Ruthers will be eligible for parole in 1995 on the federal counts and in 1998 on the state count. The court, however, failed to include the provision of the plea agreement requiring that Ruthers be incarcerated in federal facilities during that portion of his state sentence which exceeds the concurrent federal sentence.
 
 
 7
 We dismissed an earlier appeal by Ruthers on November 3, 1988, but subsequently reinstated the appeal on February 16, 1989. On May 1, 1989 we remanded the matter to the district court so that it would reflect accurately the contents of the plea agreement. Pursuant to our remand order, on September 28, 1989, the district court held a phone conference to modify the Judgment and Commitment Order. The modification added the language that had been omitted from the sentence stating that Ruthers was to remain in a federal prison at all times during his incarceration. Therefore, under the amended order, Ruthers would be able to serve the additional three years of his state sentence in the federal penitentiary, rather than being transferred to a state prison. The modification neither changed the duration nor the terms of Ruthers' sentence. Ruthers was not present at the hearing and no record was kept.
 
 II.
 
 8
 Ruthers alleges on appeal four errors committed by the district court in conducting both the original hearing as well as the subsequent one. We will address each issue in turn.
 
 
 9
 * Ruthers' first assignment of error is that the district court did not make a sufficiently detailed inquiry into whether there was a factual basis for his guilty plea. He equivocated as to the factual basis for the commercial exploitation charge, claiming that because the pictures were not sold, the commercial aspect was lacking. We reject this claim.
 
 
 10
 Rule 11 of the Federal Rules of Criminal Procedure requires the district court to conduct an inquiry into the factual basis of a guilty plea. We have interpreted Rule 11 to require district courts to ask more than pro forma questions when a defendant equivocates on the record. United States v. Truglio, 493 F.2d 574, 579 (4th Cir. 1974). In Truglio we held that the district court must conduct a searching inquiry into the plea to determine both its voluntariness and whether the defendant fully understood its nature. Id. at 579.
 
 
 11
 The district court fulfilled its obligation to Ruthers under Rule 11. The record demonstrates that the court carefully inquired whether there was a basis for the plea. The court stated that it would not accept the plea if the charged offenses did not actually occur. Ruther's counsel responded that the dates of the incidents were not correct, but that there was a factual basis for the charges.
 
 
 12
 When commenting on the PSI, Ruthers stated that none of the photographs were sold, but admitted that some were exchanged with other pedophiles. Ruthers contends that this is an insufficient basis for the commercial exploitation element of the charge. We disagree.
 
 
 13
 Although Ruthers did not sell the pictures, if he knew or had reason to know they would be sold, that knowledge would be a sufficient basis for the commercial aspect of the exploitation charge. Furthermore, the evidence showed that in exchange for the pictures of the young boys Ruthers was provided with other boys to molest. The statute in effect in 1985 only required a gain, which could either be direct or indirect. See 18 U.S.C. § 2423. These facts are a sufficient basis for the conviction in light of both Ruthers' and his attorney's statements.
 
 B
 
 14
 Ruthers' second assignment of error is that the written corrections to his PSI were not incorporated into the final report as required by Rule 32(c)(3)(A) of the Federal Rules of Criminal Procedure. Rule 32 grants a defendant the right to comment on his report. Ruthers claims that the failure to incorporate his written comments resulted in the district court not resolving all of the discrepancies. Ruthers contends failing to incorporate the written changes violated Rule 32. We disagree because Ruthers was given an opportunity to comment on the report at sentencing.
 
 
 15
 The district court made an appropriate inquiry concerning the PSI as required by Rule 32. United States v. Rone, 743 F.2d 1169, 1174 (7th Cir. 1984) (requiring that a defendant have access to his presentence report at a reasonable time before hearing). Ruthers waived his right to raise further objections on appeal. The court afforded him an opportunity to object to the PSI during the sentencing hearing. At that time, Ruthers excepted to several facts that were in the report which he claimed were inaccurate. He now contends that he was unaware that written changes were not incorporated because he had not seen the PSI. This claim is inconsistent with his actions because he drew attention to other alleged errors in the PSI at the sentencing hearing.
 
 
 16
 Ruthers further contends that the district court erred during sentencing by not making a written report as to each of the claimed discrepancies in the PSI. Rule 32(c)(3)(D) of the Federal Rules of Criminal Procedure requires the court to make a written record as to each matter controverted. We held in United States v. Miller, 871 F.2d 488, 489 (4th Cir. 1989), that a court must attach either a written report to the PSI or state that it did not take into account the controverted matters when sentencing a defendant. The district court did not state explicitly in each instance that it did not take the controverted issues into account; but after reviewing the record we are satisfied that the court did not rely on the controverted matters when sentencing appellant.
 
 C
 
 17
 Ruthers' third assignment of error is that, under Rule 43 of the Federal Rules of Criminal Procedure, he should have been present at the correction of sentence hearing. Fed.R.Crim.P. 43. The district court held a telephone conference in which the terms of Ruther's incarceration were changed to require that he remain incarcerated at a federal penitentiary during the remainder of his state court sentence.
 
 
 18
 Under the harmless error analysis required by United States v. Rogers, 853 F.2d 249, 252 (4th Cir.), cert. denied, 488 U.S. 946 (1988), this claim is without merit. The hearing did not make Ruthers' sentence more onerous. The telephone conference merely amended the order to reflect what the parties originally had intended. Ruthers received what he had requested: An amendment requiring that he remain incarcerated in a federal penitentiary for that portion of his state sentence exceeding his federal sentence.
 
 D
 
 19
 Ruthers' final claim is that the United States has breached the plea agreement because it has failed to provide for his continued incarceration in a federal facility. He asserts a Santobello type breach of the plea agreement because presently there is no contract between the State of West Virginia and the United States. United States v. Santobello, 404 U.S. 257 (1971) (requiring that the government be held accountable for promises made to induce a plea). Since West Virginia has issued a detainer for Ruthers upon his release from the federal facility, he contends that his agreement has been breached. We disagree with Ruthers' argument because this issue is not yet ripe for review.
 
 
 20
 Ruthers has at least three years to serve on his federal sentence. The United States has already stated its willingness to assist him in remaining in federal custody rather than state custody. The amended order states that Ruthers is to remain in the federal prison system as 18 U.S.C. § 5003 permits. The United States cannot be expected to enter into a contract today stating which facility he will be transferred to so far in the future.
 
 III
 
 21
 For the reasons stated above, we affirm the decision of the district court.
 
 AFFIRMED