**UNITED STATES of America, Appellee,**

v.

**Jack GREENBERG,**
**Defendant-Appellant.**

**No. 1192, Docket 83–1391.**

United States Court of Appeals,
Second Circuit.

Submitted May 3, 1984.

Decided May 21, 1984.

Raymond J. Dearie, U.S. Atty., E.D.N.Y., Brooklyn, N.Y. (Edward A. McDonald, Attorney-in-Charge, Organized Crime Strike Force, Brooklyn, N.Y., and Anthony J. Siano, Special Atty., New York City, of counsel), for appellee.

Michael G. Dowd, Kew Gardens, N.Y., for defendant-appellant.

Before LUMBARD, MANSFIELD and KEARSE, Circuit Judges.

KEARSE, Circuit Judge:

Defendant Jack Greenberg appeals from a judgment entered in the United States District Court for the Eastern District of New York after a jury trial before Jacob Mishler, *Judge*, convicting him on one count of filing a materially false corporate income tax return, in violation of 26 U.S.C. § 7206(1) (1982); two counts of filing materially false personal income tax returns, in violation of § 7206(1); and one count of willfully failing to file a federal income tax return, in violation of 26 U.S.C. § 7203 (1982). Greenberg was sentenced to a prison term of a year and a day. On appeal, he contends that his convictions should be reversed because the issue of materiality should have been submitted to the jury rather than decided by the court as a matter of law, and because in any event his misstatements were not material. Finding no merit in his contentions, we affirm.

## BACKGROUND

The sufficiency of the government's evidence to prove that Greenberg filed, and assisted in filing, false income tax returns is not disputed. Greenberg was an accountant who was also a participant in a joint venture called P.R.P. Industries, Inc. ("PRP"). With respect to the charge that Greenberg aided and abetted the filing of a false corporate income tax return for PRP's 1978 fiscal year, in violation of § 7206(1), government witnesses testified that Greenberg had instructed them, *inter alia*, to classify as PRP business expenses expenditures that were solely for the personal benefit of Greenberg's co-venturer, and to classify as loans payments that in fact were investments in other businesses or were compensation to the co-venturers. Notwithstanding these misallocations, PRP reported more income than it should have for that fiscal year, and its net taxable income was stated in the proper amount.

With respect to the charges that Greenberg filed, jointly with his wife, false personal income tax returns for the years 1976 and 1977, in violation of § 7206(1), the evidence was that for each of those years, Greenberg overreported his wife's income and underreported his own. For 1976, Mrs. Greenberg was reported to have had a gross income of some $32,000, when in fact she had none; Greenberg was reported to have had earnings of some $4400, when in fact his earnings were approximately $25,000. For 1977, Mrs. Greenberg was reported to have had gross income of some $35,000, when in fact she had none; Greenberg was reported to have had gross receipts of some $66,000, when in fact his gross receipts were more than $100,000. Greenberg testified that the purpose of these false allocations was to present a picture that would enable Mrs. Greenberg to obtain credit in her own name despite having no occupation. Notwithstanding these misallocations, the variance between the taxes paid by the Greenbergs and the taxes actually owing under a proper allocation was $48.

In its charge with respect to the counts alleging violations of § 7206(1), the court instructed the jury that there could be no violation unless the false statements were material and that the court had found as a matter of law that the misstatements were material. Greenberg contends that the court erred in not submitting the materiality question to the jury and in not finding the misstatements immaterial. We disagree with both contentions.

## DISCUSSION

Section 7206(1) of 26 U.S.C. makes it unlawful for a person to "[w]illfully make[ ] and subscribe[ ] any return ... un-

der the penalties of perjury ... which he does not believe to be true and correct as to every material matter." The cardinal question in this case is the meaning of the term "material."

■ Where a false statement is made to a public body or its representative, materiality refers to the impact that the statement may reasonably have on the ability of that agency to perform the functions assigned to it by law. The question is not what effect the statement actually had; its actual effect would plainly present an issue of fact. The question is rather whether the statement had the potential for an obstructive or inhibitive effect. A consideration of this potential requires an analysis of the responsibilities of the public agency—responsibilities that are assigned by law—and analysis of the relevance of the statement to those responsibilities. Both relevance and the nature of a duty are traditionally questions of law to be decided by the court. Perforce the interrelationship of these two legal questions is a question of law.

■ The question of the nature of materiality in the context of a prosecution under § 7206(1) has not previously been decided by this Court. When confronted with this issue in the context of false statements alleged to violate the perjury-type provisions of title 18, however, we have uniformly concluded that materiality was a question of law to be decided by the court. *See, e.g., United States v. Elkin,* 731 F.2d 1005, at 1009 (2d Cir.1984) (18 U.S.C. § 287; alternative holding); *id.* (18 U.S.C. § 1001; alternative holding); *United States v. Alu,* 246 F.2d 29, 32 (2d Cir.1957) (18 U.S.C. § 1621); *United States v. Moon,* 718 F.2d 1210, 1237 (2d Cir.1983) (18 U.S.C. § 1623). We see no basis for reaching a different conclusion with respect to 26 U.S.C. § 7206(1).

We note that our conclusion that materiality under § 7206(1) is a question of law is consistent with virtually all of the decisions of our Sister Circuits. *See, e.g., United States v. Whyte,* 699 F.2d 375, 379 (7th Cir.1983); *United States v. Gaines,* 690 F.2d 849, 858 (11th Cir.1982); *United States v. Strand,* 617 F.2d 571, 574 (10th Cir.), *cert. denied,* 449 U.S. 841, 101 S.Ct. 120, 66 L.Ed.2d 48 (1980); *United States v. Taylor,* 574 F.2d 232, 235 (5th Cir.), *cert. denied,* 439 U.S. 893, 99 S.Ct. 251, 58 L.Ed.2d 239 (1978); *United States v. Romanow,* 509 F.2d 26, 28 (1st Cir.1975). We are aware of only one court of appeals case, *United States v. Null,* 415 F.2d 1178, 1181 (4th Cir.1969), that has stated that materiality in a § 7206(1) prosecution was an issue for the jury, and since that court did not state its analysis of the question, we find its ruling unpersuasive.

■ Finally, we are not persuaded that the court erred in concluding that the misstatements in the PRP return and in Greenberg's personal income tax returns were material. The purpose of § 7206(1) is not simply to ensure that the taxpayer pay the proper amount of taxes—though that is surely one of its goals. Rather, that section is intended to ensure also that the taxpayer not make misstatements that could hinder the Internal Revenue Service ("IRS") in carrying out such functions as the verification of the accuracy of that return or a related tax return. *See, e.g., United States v. Taylor, supra,* 574 F.2d at 235; *United States v. Romanow, supra,* 509 F.2d at 28; *United States v. DiVarco,* 484 F.2d 670, 673 (7th Cir.1973), *cert. denied,* 415 U.S. 916, 94 S.Ct. 1412, 39 L.Ed.2d 470 (1974); *United States v. Moon,* 532 F.Supp. 1360, 1366 (S.D.N.Y.1982), *aff'd,* 718 F.2d 1210 (2d Cir.1983); *United States v. Goldman,* 439 F.Supp. 337, 344 (S.D.N.Y.1977). *See also United States v. Tsanas,* 572 F.2d 340, 343 (2d Cir.), *cert. denied,* 435 U.S. 995, 98 S.Ct. 1647, 56 L.Ed.2d 84 (1978) (§ 7206(1) may be violated though false statement does not result in underpayment of tax).

Greenberg's argument that the misstatements were not material because they resulted in, at most, minimal underpayments of taxes ignores the potential of the misstatements for impeding the IRS's performance of its responsibilities. The fraudulent description of PRP's payment of its

owners' personal expenses as business expenses, for example, presented a distorted picture of both PRP's expenses and the owners' income. The fraudulent allocation of income to Mrs. Greenberg on the joint personal returns, with the corresponding underreporting of Greenberg's own income, gave a similar distorted view. All of these distortions had the potential for hindering the IRS's efforts to monitor and verify the tax liability of PRP and the Greenbergs.

In short, the district court correctly determined that the false statements made and assisted by Greenberg were material.

## CONCLUSION

The judgment of conviction is affirmed.