990 F.2d 1261
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Bernard J. ATKINSON, Defendant-Appellant.
 No. 92-50006.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted Aug. 19, 1992.
Submission Withdrawn Dec. 31, 1992.
Re-Submitted April 5, 1993.
Decided April 7, 1993.
 
 1
 Before TANG and HALL, Circuit Judges, and WALKER, District Judge.*
 
 
 2
 MEMORANDUM**
 
 
 3
 Bernard J. Atkinson appeals his conviction for personal income tax evasion and corporate income tax fraud under 26 U.S.C. §§ 7201 and 7206(1). We here decide all issues not decided in the published opinion filed in this case.
 
 
 4
 * Atkinson contends that because the government's case was comprised mostly of stipulations, the verdict should be reviewed de novo. He bases his argument on Braxton v. United States, 111 S.Ct. 1854 (1991). The facts and reasoning of Braxton are not applicable to Atkinson's case for two reasons. First, the case against Atkinson was based on both stipulations and live testimony from both Atkinson and IRS Special Agent Espinoza. Live testimony is generally reviewed for clear error, and it would be difficult, if not impossible, to review the verdict under two standards of review.
 
 
 5
 Second, even if the government's case was comprised exclusively of stipulations, Atkinson's case is factually dissimilar from Braxton. The statement in Braxton was made in the course of Braxton's admission that his guilty plea had a basis in fact. This admission was later used against him for sentencing purposes. Id. at 1856-57. When Braxton made his statement, he did not necessarily concede that it could be used at sentencing. The stipulations in this case, by contrast, were entered into specifically for trial and were used only for that purpose. When Atkinson agreed to the stipulations, he understood that they were to be used in lieu of testimony. We see no reason to apply a heightened standard of review because Atkinson made a voluntary decision to be tried on stipulated facts.
 
 II
 
 6
 Atkinson contends that the government failed to prove that he "knew and believed" his personal income tax returns were filed in violation of 26 U.S.C. § 7201. Willfulness in the context of criminal tax cases is defined as a "voluntary, intentional violation of a known legal duty." Cheek v. United States, 111 S.Ct. 604, 610 (1991); United States v. Powell, 955 F.2d 1206, 1210-11 (9th Cir.1992). The Court has recognized that willfulness can properly be inferred from "any conduct, the likely effect of which would be to mislead or to conceal." Spies v. United States, 317 U.S. 492, 499 (1943).
 
 
 7
 At trial, the Government proved that Atkinson failed to provide accurate information to his accountant and lied to the IRS agent about the number and nature of his personal expenditures which were paid for by Compact. This type of conduct has the necessary effect of misleading the IRS and concealing relevant income information. As such, it could reasonably be considered adequate evidence of willfulness on Atkinson's part.
 
 
 8
 The district court could properly have discounted Atkinson's defenses. Atkinson's first defense was that the failure to report the cost of the house as income was attributable to his accountant. For accountant error to be used as a defense, the appellant must have given all relevant facts about his income and financial dealings to his tax preparer. See United States v. Conforte, 624 F.2d 869, 877 (9th Cir.) (advice of counsel defense), cert. denied, 449 U.S. 1012 (1980). Providing information to an accountant does not represent a complete defense but "only a circumstance indicating good faith which the trier of fact is allowed to consider on the issue of willfulness." Id. at 876. Reading the verdict in the light most favorable to the government, the district court found that Atkinson failed to provide all the information regarding the construction of his home necessary to complete an accurate return. As such, Atkinson cannot invoke this defense to upset his conviction.
 
 
 9
 As to knowledge of the relevant tax laws, Atkinson's accountant notified him that the lumber expenditure could not be deducted by Compact. In agreeing to pay back the company, Atkinson implicitly acknowledged that the expenditure by the company constituted personal income to him. Atkinson nonetheless failed to report any of the other expenses of the house paid for by the company as income to him. In sum, adequate evidence is in the record to support the district court's finding that Atkinson knowingly evaded his obligations to pay personal income tax.
 
 III
 
 10
 Atkinson next contends that the government failed to provide sufficient evidence to prove he violated 26 U.S.C. § 7206(1).
 
 
 11
 * The purpose of the section 7206(1) is not only to make the taxpayer pay the proper amount in taxes, but to "ensure also that the taxpayer not make misstatements that could hinder the Internal Revenue Service ('IRS') in carrying out such functions as the verification of the accuracy of that return or a related tax return." United States v. Greenberg, 735 F.2d 29, 31 (2d Cir.1984). Thus, a violation of the section is complete when a taxpayer files a return which he does not believe to be true and correct as to every material matter. See United States v. Bishop, 412 U.S. 346, 350 (1973).
 
 
 12
 Taken in the light most favorable to the government, the stipulations presented at trial proved that Atkinson caused the cost of his personal residence to be paid for by Compact. Atkinson expressly authorized payment on each bill and had each of these invoices returned to his personal office even though all other invoices were retained in the accounting department. Atkinson signed tax returns for Compact on which these costs were deducted as "cost of goods sold." See United States v. Crooks, 804 F.2d 1441, 1448 (9th Cir.1986) (signature on return is sufficient to establish knowledge once it has been shown that the return was false), amended, 826 F.2d 4 (9th Cir.1987). On these returns, Compact did not claim to own any entertainment facilities. Moreover, Atkinson agreed that one expense for lumber should not be deducted when pressed by his accountant. Ameye, owner of the company which bought out Compact, also suggested to Atkinson that the deduction of a construction expense for Atkinson's home was "not a good idea." When interviewed by an IRS agent, Atkinson lied by claiming that Compact had not paid any of his personal expenditures besides the lumber costs. In sum, the evidence showed that Atkinson buried the construction costs in "cost of goods sold" so as to avoid scrutiny of what he knew was a highly dubious deduction. Thus, the evidence supports a finding that Atkinson subscribed to a return which he knew contained false information.
 
 B
 
 13
 For the first time on appeal, Atkinson argues that the proper tax treatment of Compact's payments on his Lake Tahoe home was an unsettled question as a matter of law. Because the tax code is allegedly not clear on how compensation such as this is treated, Atkinson contends that the government could not have proved he knew and believed his corporate returns were incorrect. Atkinson has presented no reason why we should reach this argument on appeal, and we decline to do so. See United States v. Childs, 944 F.2d 491, 495 (9th Cir.1991).
 
 C
 
 14
 In his Reply Brief, Atkinson claims that the government improperly amended the indictment. Counts Two, Four and Five aver that Atkinson knew and believed his corporate returns were not true as to every material matter because the returns reported the construction payments as "cost of goods sold ... [which the] defendant then knew and believed ... was not deductible." Atkinson now claims that the government has altered the indictment on appeal by arguing that Atkinson knew and believed the construction costs were mischaracterized as cost of goods sold when the government alleged and argued below that the costs were not, in fact, deductible.
 
 
 15
 This argument is deceptive and illusory. It is Atkinson, not the government, who first focused upon a mischaracterization of Compact's construction payments. Regardless of whether the payments were compensation or cost of goods sold, the evidence showed that Atkinson had knowingly materially misstated the payments on his return. Moreover, the government correctly contended that the proper tax treatment was irrelevant in proving violations of section 7206(1) which is a perjury statute. References in the government's brief to "mischaracterization" of Compact's payments are limited to rebutting Atkinson's new theory about the proper tax treatment of the payments. Thus, we hold that the government did not amend the indictment or vary its proof from the indictment.
 
 
 16
 AFFIRMED.
 
 
 
 *
 The Honorable Vaughn R. Walker, United States District Judge for the Northern District of California, sitting by designation
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3