**UNITED STATES of America**

v.

**Paul F. KACZOWSKI and Michael S. Gawel, Defendants.**

**No. 93–CR–174A.**

United States District Court, W.D. New York.

June 24, 1994.

Patrick H. NeMoyer, U.S. Atty., Buffalo, NY (Anthony M. Bruce, Asst. U.S. Atty., of counsel), for U.S.

Robert Freedman, Buffalo, NY, for defendant Kaczowski.

Joseph V. Sedita, Buffalo, NY, for defendant Gawel.

## ORDER

ARCARA, District Judge.

This case was referred to Magistrate Judge Leslie G. Foschio, pursuant to 28 U.S.C. § 636(b)(1), on June 28, 1993. October 15, 1993, defendant Gawel filed a motion to sever, dismissal of Counts I through VI of the Indictment, and pretrial discovery. On

May 18, 1994, Magistrate Judge Leslie G. Foschio filed a Report and Recommendation recommending that defendant's motion to dismiss Counts I through VI of the indictment be denied.

This Court, having carefully reviewed Magistrate Judge Foschio's Report and Recommendation, as well as the submissions of the parties, and no objections having been timely filed, it is hereby

ORDERED, that pursuant to 28 U.S.C. § 636(b)(1), and for the reasons set forth in Magistrate Judge Foschio's Report and Recommendation, defendant's motion to dismiss Counts I through VI of the indictment is denied.

IT IS SO ORDERED.

REPORT and RECOMMENDATION

FOSCHIO, United States Magistrate Judge.

## JURISDICTION

This matter was referred to the undersigned by the Hon. Richard J. Arcara on June 28, 1993 for disposition of all pretrial matters pursuant to 28 U.S.C. § 636(b)(1)(A) and for report and recommendation pursuant to § 636(B)(1)(B). It is presently before this court on the Defendant Gawel's motion to dismiss Counts I through VI of the Indictment. Defendant Gawel's motion for severance and for pretrial discovery, and Defendant Kaczowski's oral motion for severance are addressed in a separate Decision and Order.

## BACKGROUND

The Defendants were charged, in a fourteen-count, second superseding indictment dated November 23, 1993, with violations of 18 U.S.C. §§ 2, 371, 982, 1956(a)(1)(B)(i) and (a)(1)(A)(i), 26 U.S.C. § 7206, and 42 U.S.C. § 408. In Count I, the Defendants were accused of conspiracy to violate the money laundering statute and to file false tax returns. In Counts II through V, they were charged with substantive acts of money laundering and filing false tax returns. In Count VI, both Defendants were accused of making false statements to the Social Security Administration. These counts relate to a scheme wherein Defendant Kaczowski was placed in a "no-show" job on the payroll of the "Kampus Kitchen," a game room in the City of Niagara Falls. In Count VII, Defendant Kaczowski was charged with conspiracy to commit money laundering, and in Counts VIII through XII he is charged with five counts of money laundering. These counts relate to the laundering of gambling debts by Defendant Kaczowski through the checking account of the Kampus Kitchen. Counts XIII and XIV relate to forfeiture based on the above two series of transactions.

In motion papers filed October 15, 1993, Defendant Gawel sought the severance of his trial from that of Defendant Kaczowski, dismissal of Counts I through VI of the Indictment, and pretrial discovery. The Government filed its response to the motions on November 4, 1993. At oral argument on November 18, 1993, Defendant Kaczowski made an oral motion for severance. The Government filed an Affidavit and Memorandum of Law in response to that motion on November 23, 1993. For the reasons set forth below, the motion to dismiss should be DENIED.

## FACTS

Count I of the Indictment alleges a conspiracy which encompasses the substantive acts of Counts II through V. It is alleged that Nicholas A. Christopher was the de facto owner of a game room and restaurant, the Kampus Kitchen, in the City of Niagara Falls, New York. See Second Superseding Indictment hereinafter "Indictment," page 2. Defendant Gawel is alleged to have been the accountant and attorney for the business, and Defendant Kaczowski is alleged to be a known "bookmaker." See Indictment, page 3, at para. 4.

The Indictment alleges that, sometime in July or August of 1988, the Defendants approached Christopher and requested that Kaczowski be put on the payroll of the Kampus Kitchen so that it would appear Kaczowski had a legitimate source of income. See Indictment, page 3, para. 5. It was agreed that Defendant Kaczowski would give Christopher cash each week, Christopher would in

turn issue Kaczowski a pay check, Kaczowski would give Gawel cash, on a quarterly basis, to pay Federal and State withholding, unemployment insurance, and social security taxes, and Defendant Gawel would prepare and file the necessary tax forms on behalf of the Kampus Kitchen and Kaczowski. *See* Indictment, pages 3–4.

In Counts II and IV, Defendants are accused of knowingly and unlawfully conducting and attempting to conduct a financial transaction affecting interstate commerce. Specifically, Count II alleges that the Defendants, on February 17 and 18, 1989, deposited money into Defendant Gawel's escrow account and issued checks from the account payable to the Internal Revenue Service. The deposits, totalling $1,472.99, are alleged to represent the proceeds of unlawful activity, namely bookmaking, and the transaction, it is alleged, "was designed in whole and in part to conceal and disguise the nature, source and ownership of the proceeds of said specified unlawful activity." *See* Indictment, at page 8. In Count IV, the Defendants are accused of making another deposit, in the amount of $1,471.36, into Defendant Gawel's escrow account on August 21, 1989, and then issuing a check payable to Norstar Bank, N.A. as a Federal tax deposit.

In Count III, the Defendants are accused of preparing and filing a 1988 Federal Individual Income Tax Return, Form 1040 for Defendant Kaczowski listing "wages, salaries, tips, etc." of $7700 from the Kampus Kitchen, knowing that Kaczowski did not earn the money in salary from the Kampus Kitchen. In Count V, the Defendants are accused of making and filing the 1989 Federal Individual Income Tax Return, Form 1040 listing wages of $18,200 from the Kampus Kitchen, knowing that he had not earned such wages from employment at the Kampus Kitchen.

In Count VI, it is alleged that both Defendants caused false representations to be made to the United States Department of Health and Human Services, in that they filed Form 941 authorizing the withholding of Social Security taxes from Defendant Kaczowski's Kampus Kitchen "paychecks."

## DISCUSSION

### 1. Dismissal of Counts II and IV.

Defendant Gawel contends that Counts II and IV, those counts relating to the deposit into escrow and issuance of checks to the Internal Revenue Service, are "facially defective" and should be dismissed pursuant to Fed.R.Crim.P. 12(b)(2). He claims that the facts alleged fail to establish that the transactions "either reflected a purpose to, or in fact did, conceal or disguise the nature of the funds involved." *See* Affidavit in Support of Defendant Gawel's Omnibus Motion, filed October 15, 1993, page 9.

An indictment is facially valid and sufficient if it contains the elements of the offense charged, fairly informs a defendant of the charges against which he must defend, and enables a defendant to plead an acquittal or a conviction in bar of further prosecution for the same offense. *See Hamling v. United States*, 418 U.S. 87, 117, 94 S.Ct. 2887, 2907, 41 L.Ed.2d 590 (1974). An indictment need only track the language of the statute and, if necessary to apprise the defendant of the nature of the accusation against him, state the time and place of the alleged offense in approximate terms. *See Russell v. United States*, 369 U.S. 749, 765, 82 S.Ct. 1038, 1047–48, 8 L.Ed.2d 240 (1962); *United States v. Covino*, 837 F.2d 65, 69 (2d Cir. 1988); *United States v. Bagaric*, 706 F.2d 42, 61 (2d Cir.), *cert. denied*, 464 U.S. 840, 104 S.Ct. 134, 78 L.Ed.2d 128 (1983); *United States v. Ferrara*, 701 F.Supp. 39, 44 (E.D.N.Y.1988), *aff'd*, 868 F.2d 1268 (2d Cir. 1988).

18 U.S.C. § 1956(a)(1)(B)(i) provides in pertinent part that a person is guilty of money laundering when:

> knowing that the property involved in a financial transaction represents the proceeds of some form of unlawful activity, [he] conducts or attempts to conduct such a financial transaction which in fact involves the proceeds of specified unlawful activity . . . knowing that the transaction is designed in whole or in part . . . to conceal or disguise that nature, the location, the source, the ownership, or the control of the proceeds of specified unlawful activity. . . .

The gravamen of the offense is the conducting of a financial transaction using unlawful funds. *See United States v. Stavroulakis,* 952 F.2d 686 (2d Cir.), *cert. denied,* 504 U.S. 926, 112 S.Ct. 1982, 118 L.Ed.2d 580 (1992). Contrary to Gawel's argument, it is not necessary that the Government prove that the transaction was successful in disguising or obfuscating the illegal source or character of the funds. The Defendants are alleged to have known that the cash from Kaczowski, deposited into Gawel's escrow account, was the proceeds of illegal activity. The Defendants' conduct, in converting this money into the ostensibly legitimate tax obligations of a business entity, effectively concealed the illegal source of the money. As the Government has noted at pages 8–9 of its Affidavit in Response, the scheme alleged in the Indictment is exactly the kind of scheme prohibited by the money laundering statute. *See United States v. Isabel,* 945 F.2d 1193 (1st Cir.1991) (drug proceeds given to defendant who issued "paychecks" to drug dealer); *United States v. Jackson,* 935 F.2d 832 (7th Cir.1991) (drug proceeds deposited into church accounts); *United States v. Sutera,* 933 F.2d 641 (8th Cir.1991) (gambling proceeds deposited into business account); *United States v. Mickens,* 926 F.2d 1323 (2d Cir.1991), *cert. denied,* 502 U.S. 1060, 112 S.Ct. 940, 117 L.Ed.2d 111 (1992) (laundering of proceeds of drug trafficking).

■ From a review of the Indictment, it is apparent that Counts II and IV track the language of the statute, and contain all elements of the offense of money laundering as alleged in Counts II and IV. On its face, the Indictment is factually sufficient to allege the statutory violation. To the extent that Defendant Gawel has challenged the sufficiency of the evidence against him, that argument is more appropriately addressed to the trial court after the completion of the Government's affirmative case, and is therefore premature. Moreover, the court may not look beyond a facially valid indictment to determine if the evidence upon which it was based is sufficient. *See Bank of Nova Scotia v. United States,* 487 U.S. 250, 261, 108 S.Ct. 2369, 2377, 101 L.Ed.2d 228 (1988).

Accordingly, Counts II and IV of the Indictment sufficiently allege a violation of 18 U.S.C. § 1956(a)(1)(B)(i). Gawel's motion to dismiss should be DENIED.

### 2. Dismissal of Counts III and V.

Defendant Gawel further argues that Counts III and V should be dismissed pursuant to Fed.R.Crim.P. 12(b)(2), as the Federal Individual Income Tax Returns, Form 1040, prepared by Defendant Gawel for Defendant Kaczowski contained no material misstatements. Gawel asserts that, even conceding for purposes of the argument that Kaczowski's income was the proceeds of illegal gambling, such income was properly reported on line 7 of the form as "wages, salaries, tips, *etc.*" (emphasis added), "et cetera" being broad enough to encompass the payments from the Kampus Kitchen to Kaczowski without being false. Alternatively, Defendant Gawel argues that the source of the Kaczowski income was immaterial when judged against the purpose of the returns, the reporting of income and collection of tax revenue. *See* Affidavit in Support of Defendant Gawel's Omnibus Motion, dated October 15, 1993, at pp. 13–14.

■ A person violates § 7206(1) of the Internal Revenue Code when he "[w]illfully makes and subscribes any return ... which he does not believe to be true and correct as to every material matter...." A "return" is defined as "any tax or information return, ... including supporting schedules, attachments, or lists which are supplemental to, or part of, the return so filed." *See* 26 U.S.C. § 6103(b)(1). The fraudulent W2, listing Kaczowski's income as derived from employment at the Kampus Kitchen, was attached to and a part of the return. Accordingly, the Government has sufficiently alleged a false statement for purposes of § 7206. The Indictment tracks the language of the statute, fairly apprises the Defendant of the charges against him and is, therefore, facially valid. *See Hamling v. United States, supra.*

■ Materiality of an alleged statement or omission relating to a federal tax return is a question of law to be determined by the court. *See United States v. Greenberg,* 735 F.2d 29, 31 (2d Cir.1984). The purpose of

§ 7206(1) is not only to ensure the payment of the proper amount of taxes. It is "intended to ensure also that the taxpayer not make misstatements that could hinder the Internal Revenue Service ('IRS') in carrying out such functions as the verification of the accuracy of that return or a related tax return." *Greenberg, supra.* Contrary to Gawel's argument, it is established that the source of one's income is a material matter for purposes of § 7206(1). *See United States v. Jacobson,* 547 F.2d 21 (2d Cir.1976), *cert. denied,* 430 U.S. 946, 97 S.Ct. 1581, 51 L.Ed.2d 793 (1977) (defendant failed to report income from loansharking as interest income); *United States v. DiVarco,* 484 F.2d 670 (7th Cir.1973), *cert. denied,* 415 U.S. 916, 94 S.Ct. 1412, 39 L.Ed.2d 470 (1974) (defendants falsely reported source of income). Certainly the Internal Revenue Service would have a legitimate reason to audit the return of a professional gambler as a safeguard against substantial underreporting. Whether, under all the circumstances, the failure to include the actual source of Kaczowski's income was material is an issue that at this stage of the prosecution must be addressed to the trial court after the Government's proof is heard.

"[W]here mislabeling of income in order to conceal its source is used for the purpose of frustrating tax enforcement by the government, Section 7206(1) is violated." *United States v. Jacobson, supra,* at 24. As the Government has noted, Defendant Kaczowski's bookmaking income should have been reported as business income or loss on line 12 of Form 1040, along with its actual source. Accordingly, Counts III and V sufficiently allege a violation of § 7206(1) and the motion to dismiss the counts should be DENIED.

### 3. Dismissal of Count I.

Defendant Gawel seeks the dismissal of Count I of the Indictment, the count alleging a conspiracy between Gawel and Kaczowski, on the ground that the substantive counts, Counts II through V, are also dismissible. Gawel raises no other contention in support of this point. If the District Court agrees with the analysis of Gawel's arguments concerning Counts II through V of the Indictment, discussed in Sections 1 and 2, the motion to dismiss Count I should likewise be DENIED.

### 4. Dismissal of Count VI.

 Defendant Gawel argues that Count VI fails to allege a crime, as Defendant Kaczowski was obligated to pay Social Security taxes whether his income was salary from the Kampus Kitchen or illegal gambling proceeds. If Kaczowski had reported his gambling income as self-employment earnings, he would have been responsible for the payment of self-employment tax, which includes Social Security. *See* 26 U.S.C. § 1401.

It is a violation of 42 U.S.C. § 408(a)(1)(A) for a person,

> for the purpose of causing an increase in any payment authorized to be made ... or for the purpose of causing any payment to be made where no payment is authorized ... [to] make or cause to be made any false statement or representation ... as to ... whether wages were paid or received for employment....

Here, the Defendants allegedly made a false statement regarding the source of Defendant Kaczowski's income. Regardless of Kaczowski's obligation to pay Social Security tax on gambling proceeds, the Defendants listed the income as wages from employment at the Kampus Kitchen, not as gambling proceeds. Accordingly, the basic facts upon which this count is predicated may show that Gawel made a false statement as to whether "wages were paid or received for employment," if the trier of fact concludes that Kaczowski was not in fact employed by the Kampus Kitchen. Again, Count VI substantially tracks the language of the statute and is sufficiently specific to apprise Defendant Gawel of the alleged criminal conduct. *See Hamling v. United States, supra; United States v. Carr,* 582 F.2d 242 (2d Cir.1978). As noted in the discussion under Section 1. above, to the extent that Gawel's arguments are directed to the sufficiency of the proof, those arguments are premature. The motion to dismiss Count VI should be DENIED.

## CONCLUSION

Based on the above analysis, Defendant Gawel's motion to dismiss Counts I through VI of the Indictment should be DENIED.

Pursuant to 28 U.S.C. § 636(b)(1), it is hereby

**ORDERED** that this Report and Recommendation be filed with the Clerk of the Court.

**ANY OBJECTIONS** to this Report and Recommendation must be filed with the Clerk of the Court within ten (10) days of receipt of this Report and Recommendation in accordance with the above statute, Rules 72(b), 6(a) and 6(e) of the Federal Rules of Civil Procedure and Local Rule 30(a).

*Failure to file objections within the specified time or to request an extension of such time waives the right to appeal the District Court's Order.* Thomas v. Arn, 474 U.S. 140, 106 S.Ct. 466, 88 L.Ed.2d 435 (1985); Small v. Secretary of Health and Human Services, 892 F.2d 15 (2d Cir.1989); Wesolek v. Canadair Limited, 838 F.2d 55 (2d Cir.1988).

SO ORDERED.